UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

NORMAN WALKER,                          :
                                        :
        Plaintiff,                      :
                                        :
        v.                              :        File No. 1:09-CV-190
                                        :
TEACHERS INSURANCE                      :
AND ANNUITY ASSOCIATION OF              :
AMERICA - COLLEGE RETIREMENT            :
AND EQUITIES FUND                       :
                                        :
        Defendant.                      :
_____ :


MEMORANDUM AND ORDER
(Paper 10)

I.      Introduction

        Defendant Teachers Insurance and Annuity Association of America (TIAA)

moves to dismiss (Paper 10) counts two and three of Plaintiff Norman Walker's

(Walker) complaint (Paper 1) (which allege "common law violations" and consumer

fraud, respectively), on the ground that these claims are preempted by the Employee

Retirement Income Security Act (ERISA).  Walker opposes the motion.[1]  (Paper 13.)  For

the following reasons, the motion is GRANTED.

---

        [1]      Walker also filed a surreply (Paper 17), however, as the Local Rules do not
provide for such a filing and he did not request leave of court, the Court will not
consider it.  See L.R. 7.1(a).

II.    <u>Background</u>

Facts alleged in the complaint are assumed to be true for the purposes of a

motion to dismiss.  Walker purports to bring a class action "based on [TIAA]'s wrongful

practice of keeping customer accounts open for days or weeks after receiving

instructions to close them, and retaining all investment income earned in the interim for

itself."  (Paper 1 at 1.)  Walker, an Associate Professor of Business Administration at

St. Michael's College (St. Michael's), was an account owner of a TIAA-College

Retirement and Equities Fund (TIAA-CREF) retirement account from 1995-2007, during

the time when the St. Michael's retirement plan placed retirement assets of plan

participants with TIAA-CREF.  <u>Id.</u> at 2.

In 2006, St. Michael's, as administrator of the plan, directed TIAA-CREF to

transfer plan participants' retirement accounts to another mutual fund platform.  TIAA-

CREF refused, claiming the College had no authority to direct it to transfer the accounts

because they were subject to individual contracts between TIAA-CREF and the

participants.  The plan obtained individual signatures of over seven hundred College

employees to authorize the transfer.  <u>Id.</u> at 3.  The accounts were to be transferred on

May 1, 2007.  Walker alleges TIAA-CREF did not "cut a check" for his account until at

least May 7, 2007, and the check represented the value of Walker's account as of May 1

though the account value had increased several thousand dollars in the interim.  <u>Id.</u>

at 4.  TIAA-CREF continued to invest Walker's funds between May 1 and May 7 and

retained all investment profits.  Walker did not agree to allow TIAA-CREF to invest his

funds for its benefit and TIAA-CREF never disclosed it had any policy, practice or intention of doing so.  Id.  Walker alleges it is TIAA-CREF's regular policy and practice to keep customer accounts open after the receipt of transfer or withdrawal requests and to invest such accounts for its own benefit for periods of one to four weeks.  Id. at 4-5.

Walker's complaint contains three counts:  Count one alleges ERISA violations, Count two alleges common law violations, and Count three alleges consumer fraud. See id. at 7-10.  Walker seeks compensatory damages for TIAA-CREF's breach of fiduciary duties under ERISA and common law, equitable relief, and compensatory and exemplary damages under common law and consumer fraud, i.e., "mini-FTC," acts as well as attorney's fees.  Id. at 10.

III.    Discussion

    A.    Motion to Dismiss Standard

When deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient."  Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court will grant a motion to dismiss only if the plaintiff fails to show a "plausible entitlement to relief."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Court accepts the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff.  Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).

B.     The ERISA Preemption Standard

Whether ERISA preempts a state law or portion thereof is a question of law.

Devlin v. Transp. Commc'ns Int'l Union, 173 F.3d 94, 98 (2d Cir. 1999).  The starting

presumption of any preemption analysis is that Congress does not intend to supplant

state law.  N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,

514 U.S. 645, 654-55 (1995) (citing Maryland v. Louisiana, 451 U.S. 725, 746 (1981)).

The preemption language of ERISA, however, is "clearly expansive."  Id. at 655;

see also HMI Mech. Sys., Inc. v. McGowan, 266 F.3d 142, 148 (2d Cir. 2001).  ERISA

explicitly "supersede[s] any and all State laws insofar as they . . . relate to any employee

benefit plan" covered by ERISA.  29 U.S.C. § 1144(a) (with exceptions not relevant here).

As the Supreme Court has recognized, the "unhelpful text" offers no meaningful

guidelines for reviewing judges to determine the limits of preemption.  Travelers,

514 U.S. 656.  Therefore, courts must look to congressional intent to decipher the

statutory language and determine what state laws or claims survive.  See id.

ERISA's principal goal is to "protect . . . the interests of participants in employee

benefit plans and their beneficiaries."  29 U.S.C. § 1001(b).  The purpose of ERISA

preemption, however, is "to ensure that all covered benefit plans will be governed by

unified federal law, thus simplifying life for employers administering plans in several

states, because a patchwork scheme of regulation would introduce considerable

inefficiencies in benefit program operation."  Paneccasio v. Unisource Worldwide, Inc.,

532 F.3d 101, 114 (2d Cir. 2008) (internal quotation marks and citation omitted).

4

Therefore, a "state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive" and would be pre-empted.  <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 209 (2004).

      C.      <u>"Common Law Violations"</u>

Count two of Walker's complaint alleges "common law violations" and seeks redress for TIAA's "violation of its fiduciary and contractual duties" by investing retirement funds belonging to Walker (and others) for its own benefit for which "[TIAA] is liable . . . at common law."  (Paper 1 at 9.)  Walker's ERISA claim in Count one alleges violation of fiduciary duty by "investing retirement funds belonging to [Walker] and others similarly situated for its own benefit."  <u>Id.</u> at 8.  Walker's state-law cause of action "duplicates, supplements or supplants" the ERISA civil enforcement remedy which Walker has also invoked in his complaint.  <u>See</u> <u>Davila</u>, 542 U.S. at 209; <u>see also</u> <u>id.</u> at 216 (noting state causes of action need not be "strictly duplicative" of an ERISA cause of action to be preempted).  Accordingly, Count two of Walker's complaint is preempted by ERISA.[2]

---

[2]    <u>Kollman v. Hewitt Assocs., LLC</u>, 487 F.3d (3d Cir. 2007), relied on heavily by TIAA is not on point because Hewitt, Associates, the plan administrator sued by Kollman, a plan participant, was a non-fiduciary.  Here, Walker alleges TIAA is a fiduciary and for purposes of a motion to dismiss, the allegations in the complaint are taken as true.

D.    <u>Consumer Fraud Violations</u>

Count three of Walker's complaint alleges TIAA violated the Vermont Consumer Fraud Act, codified at Vt. Stat. Ann. tit. 9, §§ 2451-66, as well as other "similar 'mini-FTC' statutes" by engaging in an unfair practice "by investing the retirement account funds of Plaintiff . . . for its own benefit."  (Paper 1 at 9-10.)  To state a claim for consumer fraud in Vermont, a plaintiff must establish three elements:  "(1) the representation or omission at issue was likely to mislead consumers; (2) the consumer's interpretation of the representation was reasonable under the circumstances; and (3) the misleading representation was material in that it affected the consumer's purchasing decision."  <u>Jordan v. Nissan N. Am., Inc.</u>, 853 A.2d 40, 43 (Vt. 2004) (citations omitted). As Walker's ERISA claim alleges TIAA "made misleading statements and omissions in violation of its fiduciary duty of loyalty under Section 404(a) of ERISA," his state-law cause of action again "duplicates, supplements or supplants" his ERISA cause of action and, accordingly, is preempted.[3]

---

[3]      The Court notes Vermont's Consumer Fraud Act is designed to "complement the enforcement of federal statutes and decisions governing unfair methods of competition and unfair or deceptive acts or practices."  Vt. Stat. Ann. tit. 9, § 2451.  As ERISA "supersede[s] any and all State laws insofar as they . . . relate to any employee benefit plan," 29 U.S.C. § 1144(a), Walker may be able to state his claim under federal rather than state consumer fraud statutes to avoid ERISA preemption.

IV.    <u>Conclusion</u>

TIAA's motion to dismiss (Paper 10) is GRANTED.  Counts two and three of

Walker's complaint are dismissed because they are preempted by ERISA.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 9th day of April, 2010.


<u>/s/ J. Garvan Murtha</u>
Honorable J. Garvan Murtha
Senior United States District Judge