UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

NORMAN WALKER, on behalf of himself          )
and all others similarly situated,           )
                    *Plaintiff*,           )
                            )
              v.                  )       Docket No. 1:09-cv-190
                            )
TEACHERS INSURANCE AND ANNUITY              )
ASSOCIATION OF AMERICA – COLLEGE            )
RETIREMENT AND EQUITIES FUND,               )
(TIAA-CREF),                                )
                    *Defendant*.           )

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

## PRELIMINARY STATEMENT

Defendant Teachers Insurance and Annuity Association of America ("Defendant"),

named in the complaint as "Teachers Insurance and Annuity Association of America – College

Retirement and Equities Fund," submits its answer and affirmative defenses to Plaintiff Norman

Walker's Complaint.

Unless specifically admitted, Defendant denies each and every averment in the Complaint.

To the extent that Plaintiff has included headings or impertinent material that is inappropriate

under Rules 8 and 12(f) of the Federal Rules of Civil Procedure, no response is necessary and

such material should be struck.  To the extent any headings or impertinent material are deemed

to require a response, Defendant denies them.  In light of the Court's April 9, 2010 order (Docket

No. 21) granting Defendant's motion to dismiss Counts II and III of the Complaint, nothing in

this Answer means that Defendant agrees that those Counts are still at issue in this case.

## ANSWER

### Nature of Action

1.      The allegations in paragraph 1 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 1.

2.      Defendant admits that the Court has subject matter jurisdiction over this action. Defendant denies the remaining allegations in paragraph 2.

3.      Defendant admits that venue is proper in this District.  Defendant denies the remaining allegations in paragraph 3.

4.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 4, and on that basis denies them. Defendant denies the allegations in the second sentence of paragraph 4.

5.      Defendant admits that it is a stock life insurance company with offices in New York, New York.  TIAA refers to its website for its contents.  Defendant denies the remaining allegations in paragraph 5.

6.      Defendant admits that the Retirement Plan for Employees of St. Michael's College ("St. Michael's Plan") is a retirement plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6, and on that basis denies them.

7.      Defendant admits it was the recordkeeper for the St. Michael's Plan beginning no later than 2002.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7, and on that basis denies them.

8.      Defendant admits that St. Michael's College purported to instruct TIAA to transfer the accounts of St. Michael's Plan participants to Milliman, Inc.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8, and on that basis denies them.

9.      Defendant admits that it informed St. Michael's College that all TIAA or CREF accounts held by participants in the St. Michael's Plan were based on individual certificates and, as such, required individual authorizations to withdraw from or transfer the accounts.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9, and on that basis denies them.

10.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and on that basis denies them.

11.      Defendant admits that it received paperwork reflecting the authorizations by the individual participants of the St. Michael's Plan for the transfer of their TIAA or CREF accounts. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11, and on that basis denies them.

12.      Defendant admits that the agreed-upon effective date of transfer to Milliman, Inc. for the TIAA or CREF accounts in the St. Michael's College Plan would be the date that Defendant received all necessary transfer forms for the accounts of the participants in the St. Michael's College Plan.  Defendant admits that it received all necessary forms on May 1, 2007, making that the agreed-upon effective date of the transfers.  Defendant denies the remaining allegations in paragraph 12.

13.      Defendant admits that it settled Plaintiff's transfer request on May 7, 2007, and sent the check by overnight mail to Milliman, Inc.  Defendant admits that the amount of the

3

check reflected the value of Plaintiff's account as of May 1, 2007, which was the agreed-upon effective date of the transfer.  Defendant denies the remaining allegations in paragraph 13.

14.    Defendant denies the allegations in paragraph 14.

15.    The allegations in the first sentence of paragraph 15 set forth legal conclusions that do not require a response.  To the extent a response is required to the allegations in the first sentence of paragraph 15, Defendant denies them.  Defendant also specifically denies that it invested Plaintiff's retirement funds for its own benefit.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 15, and on that basis denies them.

16.    Defendant admits that the "How to Transfer and Withdraw Your Money" portion of the May 1, 2007 CREF Prospectus states, among other things, that "Transfers and cash withdrawals are effective at the end of the business day we receive your request and all required documentation. You can also choose to have transfers and withdrawals take effect at the end of any future business day." (See pp. 45-46.)  Defendant admits that the "How to Transfer and Withdraw Your Money" portion of the May 1, 2007 CREF Prospectus states, among other things, that "Transfers and cash withdrawals are effective at the end of the business day we receive your request and all required documentation. You can also choose to have transfers and withdrawals take effect at the end of any future business day." (See p. 44.)  Defendant denies the remaining allegations in paragraph 16.  Defendant specifically denies that it retains or invests for its own benefit "funds in client accounts after a withdrawal request and required documentation is received."

17.    Defendant admits that it sent Plaintiff a letter dated September 28, 2007 that stated that Defendant's handling of Plaintiff's transfer request was consistent with the procedures

for such requests set forth in the CREF Prospectus.  Defendant denies the remaining allegations in paragraph 17.

## CLASS ACTION ALLEGATIONS

18.     Defendant admits that Plaintiff purports to bring this action as a class action on behalf of the proposed class identified in paragraph 18.  Defendant denies that this action can be maintained as a class action.

19.     Defendant denies the allegations in Paragraph 19.  Defendant denies that this action can be maintained as a class action.

20.     Defendant denies the allegations in Paragraph 20.  Defendant denies that this action can be maintained as a class action.

21.     Defendant denies the allegations in Paragraph 21, including its subparts. Defendant denies that this action can be maintained as a class action.

22.     Defendant admits that Plaintiff authorized the transfer of his CREF accounts to Milliman, Inc.  Defendant denies the remaining allegations in Paragraph 22.  Defendant denies that this action can be maintained as a class action.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.  Defendant denies that this action can be maintained as a class action.

24.     Defendant denies the allegations in Paragraph 24.  Defendant denies that this action can be maintained as a class action.

25.     Defendant denies the allegations in Paragraph 25.  Defendant denies that this action can be maintained as a class action.

26.     Defendant denies the allegations in Paragraph 26.  Defendant denies that this action can be maintained as a class action.

## COUNT I

### ERISA Violations

27.     Defendant denies the allegations in paragraph 27.

28.     Defendant denies the allegations in paragraph 28.

29.     The allegations in paragraph 29 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 29.

30.     Defendant denies the allegations in paragraph 30.

31.     Defendant denies the allegations in paragraph 31.

32.     Defendant denies the allegations in paragraph 32.

33.     Defendant denies the allegations in paragraph 33.

34.     Defendant denies the allegations in paragraph 34.

## COUNT II

### Common Law Violations

35.     No response is required to the allegations in paragraph 35 because this Count has been dismissed.  To the extent a response is required, Defendant denies the allegations in paragraph 35.

36.     No response is required to the allegations in paragraph 36 because this Count has been dismissed.  To the extent a response is required, Defendant denies the allegations in paragraph 36.

37.     No response is required to the allegations in paragraph 37 because this Count has been dismissed.  To the extent a response is required, Defendant denies the allegations in paragraph 37.

38.     No response is required to the allegations in paragraph 38 because this Count has been dismissed.  To the extent a response is required, Defendant denies the allegations in paragraph 38.

COUNT III

Consumer Fraud

39.     No response is required to the allegations in paragraph 39 because this Count has been dismissed.  To the extent a response is required, Defendant denies the allegations in paragraph 39.

40.     No response is required to the allegations in paragraph 40 because this Count has been dismissed.  To the extent a response is required, Defendant denies the allegations in paragraph 40.

To the extent a response is required to the allegations beneath the phrase "Relief" on page 10 of the Complaint, Defendant denies that Plaintiff is entitled to the relief therein, or to any relief whatsoever.

In response to Plaintiff's "Jury Demand," Defendant denies that Plaintiff is entitled to a jury trial.

**AFFIRMATIVE DEFENSES**

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred in part by the statutes of limitation.

3.     Plaintiff's claims are barred by laches, waiver, or estoppel.

4.      Plaintiff lacks standing under ERISA to assert his claims.

5.      Plaintiff's claims are barred in whole or in part by ERISA § 404(c), 29 U.S.C. § 1104(c).

Defendant reserves the right to amend and/or supplement the averments of its Answer and Affirmative Defenses to assert any and all pertinent defenses ascertained through further investigation and discovery of this action.

Defendant will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Defendant prays that the Court determine and adjudge:

a.      that this suit cannot be maintained as a class action;

b.      that the Complaint be dismissed on the merits;

c.      that Plaintiff take nothing by the Complaint;

d.      that Defendant be awarded its costs, disbursements, attorneys' fees, and expenses incurred herein; and

e.      that Defendant be awarded such other and further relief as the Court may deem proper.

Dated: April 26, 2010                    O'MELVENY & MYERS LLP


                                         By: /s/ Christopher D. Catalano
                                         Robert N. Eccles (*pro hac vice*)
                                         Christopher D. Catalano (*pro hac vice*)
                                         1625 Eye Street, N.W.
                                         Washington, D.C. 20006
                                         Phone: (202) 383-5300
                                         Fax:    (202) 383-5414
                                         Email: beccles@omm.com
                                                 ccatalano@omm.com

                                         Elizabeth R. Wohl
                                         Downs Rachlin Martin PLLC
                                         28 Vernon Street
                                         P.O. Box 9

Brattleboro, VT 05302-0009
Phone: (802) 258-3070
Fax:    (802) 258-4875
Email: ewohl@drm.com

Counsel for Defendant Teachers Insurance and
Annuity Association of America

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

NORMAN WALKER, on behalf of himself )
and all others similarly situated, )
        Plaintiff, )
         )
    v. )    Docket No. 1:09-cv-190
         )
TEACHERS INSURANCE AND ANNUITY )
ASSOCIATION OF AMERICA – COLLEGE )
RETIREMENT AND EQUITIES FUND, )
(TIAA-CREF), )
       Defendant. )

## CERTIFICATE OF SERVICE

   I hereby certify that on April 26, 2010, I electronically filed Defendant Teachers

Insurance and Annuity Association of America's Answer and Affirmative Defenses with the

Clerk of Court using the CM/ECF system which will send notification of such filing to the

following:  Norman Williams, attorney for the plaintiff.

Brattleboro, Vermont       DOWNS RACHLIN MARTIN PLLC
April 26, 2010


           By /s/ Elizabeth R. Wohl
             Elizabeth R. Wohl
             28 Vernon Street
             P.O. Box 9
             Brattleboro, VT 05302-0009
             Telephone:  (802) 258-3070
             Facsimile:  (802) 258-4875

             ATTORNEYS FOR DEFENDANT
             TEACHERS INSURANCE AND
             ANNUITY ASSOCIATION OF
             AMERICA

3407462.1


DOWNS
RACHLIN
MARTIN PLLC