UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

NORMAN WALKER, on behalf of          :
himself and all others              :
similarly situated,                 :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :          File No. 1:09-CV-190
                                    :
TEACHERS INSURANCE AND ANNUITY      :
ASSOCIATION OF AMERICA-COLLEGE      :
RETIREMENT AND EQUITIES FUND,       :
(TIAA-CREF),                        :
                                    :
        Defendant.                  :

RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION
(Doc. 22)

I.   Background

     Plaintiff Norman Walker (Walker) brought this action alleging

a federal claim that Defendant Teachers Insurance and Annuity

Association of America (TIAA) violated its fiduciary duty under the

Employee Retirement Income Security Act (ERISA).  Walker also

alleges, under state law, that TIAA converted Walker's property for

its own use and perpetrated consumer fraud.  Doc. 1.  TIAA filed a

motion to dismiss the state law claims, arguing they were preempted

by ERISA, Doc. 10, and this Court granted the motion.  Doc. 21.

Walker then filed a motion for reconsideration of that order and

reinstatement of his state law claims.  Doc. 22.

     A.   Motion for Reconsideration

     In his motion for reconsideration, Walker argues the Court

erred in finding preemption.  Walker contends the "state claims are

based on independent state law duties," and "do not depend on . . . any interpretation of the St. Michael's College Plan or the ERISA statute."  Doc. 22 at 1.  Walker further argues preemption is not available absent a finding that 29 U.S.C. § 1132(a) (also known as ERISA § 502) covers the claim.  Allowing for preemption absent such a finding, Walker claims, would put him in danger of losing any means of legal redress should the Court later find § 1132(a) does not apply.  Id. at 2.

In opposing the motion for reconsideration, TIAA fails to discuss the merits of Walker's position, noting only that Walker's arguments do not meet the strict standards for reconsidering a prior ruling.  Specifically, TIAA argues the Court's reliance on Aetna Health, Inc. v. Davila, 542 U.S. 200 (2004), in supporting its previous order was not "clear error of law."  Doc. 24 at 2. TIAA also argues Walker is attempting to relitigate old matters. Id. at 4.

In reply, Walker points out courts are free to revisit rulings prior to judgment and are encouraged to do so, Doc. 26 at 5, and Rule 54(b), which states that for cases containing multiple claims, any ruling or order concerning fewer than all the claims "may be revised at any time before the entry of a judgment adjudicating all the claims."  Fed. R. Civ. P. 54(b).

B.   Memorandum Concerning Stevenson v. Bank of New York

After briefing on the motion for reconsideration was completed, the Second Circuit decided Stevenson v. Bank of New York

2

Co. Stevenson had filed suit in state court against Bank of New York (BNY) alleging it broke a promise to him to maintain various benefit plans on his behalf while he managed a Swiss affiliate. BNY removed the case to federal court and moved to dismiss the majority of Stevenson's claims due to ERISA preemption.  The district court granted the motion.  The Second Circuit reversed, basing its opinion primarily on the grounds that the basis for Stevenson's claims was the alleged promise which was separate enough from the benefit plans subject to ERISA to not require preemption.  Stevenson v. Bank of N.Y. Co., _ F.3d _, No. 09-1681-cv, 2010 WL 2365679, at *4 (2d Cir. June 14, 2010).  None of the state law claims would require a party to follow standards inconsistent with ERISA and the suit would not affect any "core ERISA entities."  Id.  Stevenson's potential relevance prompted this Court to request further briefing from Walker and TIAA, Doc. 28.

Walker argues, as in Stevenson, his claims "do not 'derive[] from the particular rights and obligations established by' the St. Michael's College retirement plan."  Doc. 29 at 4 (quoting Stevenson, 2010 WL 2365679, at *3.  Walker also argues his state law claims "would not require TIAA 'to follow a standard inconsistent with those provided by ERISA.'"  Id. (quoting Stevenson, 2010 WL 2365679, at *4).

TIAA first attempts to distinguish Stevenson, claiming it concerns "complete preemption," a separate doctrine from ERISA

preemption at issue in this case.  Doc. 30 at 1.  TIAA argues in
the alternative that even if "complete preemption" were applied
here, Walker's state law claims are still properly preempted.  TIAA
claims an "order in plaintiff's favor would directly affect the
administration of an ERISA plan by requiring TIAA to have invested,
calculated, and paid amounts due to him . . . in an entirely
different manner than he asserts occurred here," and not upholding
preemption would "undermine ERISA's purpose of uniform federal
regulation of employee benefit plans."  Doc. 30 at 2.

II.  <u>Discussion</u>

    A.  <u>Motion for Reconsideration</u>

    The standard for granting a motion to reconsider is strict.
"A court is justified in reconsidering its previous ruling if: (1)
there is an intervening change in the controlling law; (2) new
evidence not previously available comes to light; or (3) it becomes
necessary to remedy a clear error of law or to prevent obvious
injustice."  <u>Hester Indus., Inc. v. Tyson Foods, Inc.</u>, 160 F.R.D.
15, 16 (N.D.N.Y. 1995) (citation omitted).  If the moving party is
seeking solely to relitigate an issue already decided, the court
should deny the motion for reconsideration and adhere to its prior
decision.  <u>Schrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir.
1995).  Though the rule relates specifically to appeals of
judgments prior to final judgment, Rule 54(b) states "any order or
other decision, however designated, that adjudicates fewer than all

4

the claims . . . may be revised at any time before the entry of a judgment adjudicating all claims."  Fed. R. Civ. P. 54(b).

Walker points to no previously unavailable evidence or intervening change in controlling law but rather argues that in complicated areas of law, such as ERISA, courts have granted such reconsideration.  Doc. 26 at 6.

B.   <u>Reconsideration of ERISA Preemption</u>

The Court's previous recitation of the law surrounding ERISA preemption appears to be correct.  Doc. 21 at 4-5.  The relevant statute states the provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  The Court's order of dismissal relied upon <u>Aetna Health</u>: "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive."  <u>Aetna Health</u>, 542 U.S. at 209. While courts had traditionally interpreted the phrase "relate to" in 29 U.S.C. § 1144(a) broadly to allow for preemption in most cases where a state law claim relates in any way to an ERISA-covered plan, the Second Circuit adopted a much narrower approach in 1995 with <u>Gerosa v. Savasta & Co.</u>, 329 F.3d 317 (2d Cir. 1995).

In arguing for reconsideration, Walker attempts to show his claims do not fall within this narrower approach and suggests "ERISA does not pre-empt claims based on independent state

grounds." Doc. 22 at 8.  Furthermore, he asserts that both
conversion and consumer fraud are areas of law traditionally
reserved to the state.  Thus, as independent claims concerning
areas of law traditionally reserved for the state, Walker argues
that his state claims were erroneously preempted.

    This argument fails for two reasons.  First, unlike in cases
where preemption has not been found to apply, such as Stevenson,
Walker's state law claims are dependent on ERISA liability.  In
fact, it is the very fiduciary relationship created by the ERISA
plan in question which creates liability both under conversion and
consumer fraud.  Walker begins his conversion claim by stating:
"Defendant owed a fiduciary and contractual duty to act in the best
interest of Plaintiff . . . ."  Doc. 1 at 9 (emphasis added).  This
alleged duty stems from the ERISA covered plan, thus any claim
premised on such a duty cannot be said to be independent from it.
As Walker noted, "'the bright-line requirement for preemption' is
whether 'the existence of a pension plan [is] a critical element of
[the] state-law cause of action.'"  Doc. 26 at 4 (quoting Collins
v. S.N.E.T., 617 F. Supp. 2d 67 (D. Conn. 2009).  Here, the ERISA
benefit plan is a "critical element" of the state cause of action.

    Second, in this case, unlike those in which preemption was
inappropriate, the state law claims would impact the administration
of an ERISA-covered benefit plan.  In Stevenson, one of the primary
reasons preemption was improper was because the plaintiff's state
law claims did not have a direct effect on the "actual

6

administration and funding" of the ERISA-covered plan.  Stevenson,
2010 WL 2365679, at *4.  In contrast, as TIAA points out, Walker
asks "that TIAA value ERISA retirement plan accounts based on the
greater of the value the investments had on the effective date of
the withdrawal or transfer."  Doc. 30 at 4.  This is contrary to
the prospectuses (the guidelines for the ERISA-covered plan in
question here), which state "an investor is entitled only to the
value of his account on the effective date of the withdrawal or
transfer."  Id.  Thus, allowing the state law claims to go forward
will have a significant impact on the administration of the ERISA
plan in question.  The Court concludes the holding in Stevenson is
inapplicable and preemption is proper.

     There is merit, however, to Walker's concern that a dismissal
based on ERISA preemption is a problem should the Court later
determine ERISA does not apply.  Walker notes TIAA does not concede
the applicability of ERISA or any fiduciary relationship.  Logic
dictates that if ERISA were found not to apply, then ERISA could
not preempt Walker's state law claims.  According to Aetna Health,
for preemption to exist (at least complete preemption), "an
individual, at some point in time," must have been able to bring
"his claim under ERISA § 502(a)(1)(B)."  Aetna Health, 542 U.S. at
201.  Walker is also correct to suggest that should ERISA be found
inapplicable, following the dismissal of his state claims, he would
effectively be "barred from recovery."  Doc. 22 at 10.  This is
contrary to one of Congress's principal goals behind ERISA, that of

"protect[ing] . . . the interests of participants in employee benefit plans and their beneficiaries." <u>Gerosa</u>, 329 F.3d at 328.

III. <u>Conclusion</u>

Walker's motion for reconsideration, Doc. 22, is granted. Upon reconsideration, the Court AFFIRMS its previous ruling dismissing counts 2 and 3 without prejudice. Should the Court later determine ERISA does not apply, Walker may file an amended complaint in compliance with federal and local rules.

Dated at Brattleboro, in the District of Vermont, this 4th day of August, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge