**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | | |
|---|---|---|
| NORMAN WALKER, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Docket No. 1:09-cv-190 |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA - COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND, TIAA-CREF INVESTMENT MANAGEMENT, LLC, TEACHERS ADVISORS, INC., AND TIAA-CREF INDIVIDUAL AND INSTITUTIONAL SERVICES, LLC, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES**

**PRELIMINARY STATEMENT**

Defendants Teachers Insurance and Annuity Association of America (identified in the complaint as "Teachers Insurance and Annuity Association of America - College Retirement Equities Fund (TIAA-CREF)") ("TIAA"), College Retirement Equities Fund (identified in the complaint as "College Retirement and Equities Fund") ("CREF"), TIAA-CREF Investment Management, LLC, Teachers Advisors, Inc., and TIAA-CREF Individual and Institutional Services, LLC (collectively, "Defendants") submit their answer and affirmative defenses to Plaintiff Norman Walker's First Amended Complaint (ECF No. 63) ("Complaint").

Unless specifically admitted, Defendants deny each and every averment in the Complaint. To the extent that Plaintiff has included headings or impertinent material that is inappropriate under Rule 8 or 12(f) of the Federal Rules of Civil Procedure, no response is necessary and

such material should be struck.  To the extent any headings or impertinent material are deemed

to require a response, Defendants deny them.  Any headings from the Complaint that are

reproduced here are reproduced for convenience of reading only.  In light of the Court's April 9,

2010 order (ECF No. 21) granting Defendant's motion to dismiss the state-law claims in the

original complaint, the Court's August 4, 2010 order upholding that dismissal upon

reconsideration (ECF No. 34), and the Court January 19, 2011 text order stating that "Plaintiff's

state law claims were dismissed without prejudice, Doc. 34, and are not revived with the filing of

the First Amended Complaint," (ECF No. 62), nothing in this Answer means that Defendants

agree that the state-law claims in the Complaint (Counts III and IV) are still at issue in this case.

To the contrary, since those claims have been dismissed, they should not be in the Complaint and

Defendants are not required to respond to them.

## ANSWER

### Nature of Action

1.      The allegations in paragraph 1 contain legal conclusions and characterizations to

which no response is required.  To the extent a response is required, Defendants deny the

allegations in paragraph 1.

2.      Defendants admit that the Court has subject matter jurisdiction over this action.

Defendants deny the remaining allegations in paragraph 2.

3.      Defendants admit that venue is proper in this District.  Defendants deny the

remaining allegations in paragraph 3.

4.      Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations in the first sentence of paragraph 4, and on that basis deny them.

Defendants admit that Walker was a CREF accountholder through the St. Michael's College

Retirement Plan.  The allegations in the third sentence of paragraph 4 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in the third sentence of paragraph 4.  Defendants deny the remaining allegations in paragraph 4.

5.      The allegations in the first two sentences of paragraph 5 set forth legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in the first two sentences of paragraph 5.  In response to the allegations in the third sentence of paragraph 5, Defendants refer to the http://www.tiaa-cref.org website for its contents.  Defendants deny the remaining allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in paragraph 6.

7.      Defendants admit that CREF is a nonprofit membership corporation established in New York State.  Defendants admit that CREF offers eight variable annuity Accounts, as described in its prospectuses.  Defendants deny the remaining allegations in paragraph 7.

8.      Defendants admit that Defendant TIAA-CREF Investment Management, LLC is a Delaware limited liability company that serves as investment advisor to certain CREF variable annuity Accounts.  Defendants admit that Defendant Teachers Advisors, Inc. is a Delaware corporation that advises investment companies other than CREF.  Defendants deny the remaining allegations in paragraph 8.

9.      Defendants admit that Defendant TIAA-CREF Individual & Institutional Services, LLC is a Delaware limited liability company that holds gain and loss accounts reflecting the difference between the market value of a CREF annuity between the effective date of a customer's transfer or withdrawal request and the date that units in the annuity are sold to

fund the payment.  Defendants deny the remaining allegations in paragraph 9, and specifically deny that they or "TIAA-CREF" "use" customer funds or any gains or losses on those funds "after a redemption or transfer request is received."

10.      Defendants admit that the Retirement Plan for Employees of St. Michael's College ("St. Michael's Plan") is a retirement plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10, and on that basis deny them.

11.      Defendants admit that St. Michael's Plan participants began holding their plan investments in TIAA or CREF products no later than 1995.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11, and on that basis deny them.

12.      Defendants admit that St. Michael's College purported to instruct TIAA to transfer the accounts of St. Michael's Plan participants to Milliman, Inc.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12, and on that basis deny them.

13.      Defendants admit that TIAA informed St. Michael's College that all TIAA or CREF accounts held by participants in the St. Michael's Plan were based on individual certificates and, as such, required individual authorizations to withdraw from or transfer the accounts.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13, and on that basis deny them.

14.      Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and on that basis deny them.

15.     Defendants admit that TIAA received paperwork reflecting the authorizations by individual participants of the St. Michael's Plan for the transfer of their TIAA or CREF accounts. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15, and on that basis deny them.

16.     Defendants admit that the agreed-upon <u>effective date</u> of transfer to Milliman, Inc. for the TIAA or CREF accounts in the St. Michael's College Plan would be the date that TIAA received all necessary transfer forms for the accounts of the participants in the St. Michael's College Plan.  Defendants admit that TIAA received all necessary forms no later than May 1, 2007, making that the agreed-upon effective date of the transfers.  Defendants deny the remaining allegations in paragraph 16, and specifically deny that there was ever any agreement to <u>make transfer payments</u> to Milliman on May 1, 2007, as opposed to an agreement that May 1, 2007 would be the effective date of the transfers for account-valuation purposes.

17.     Defendants admit that on May 7, 2007, a check reflecting the value of Plaintiff's CREF accounts as of May 1, 2007, the agreed-upon effective date of the transfer, was sent by overnight mail to Milliman, Inc.  Defendants deny the remaining allegations in paragraph 17.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 18 and on that basis deny them. Defendants admit that on May 7, 2007, a check reflecting the value of Plaintiff's CREF accounts as of May 1, 2007, the agreed-upon effective date of the transfer, was sent by overnight mail to Milliman, Inc.  Defendants deny the remaining allegations in paragraph 18.

19.     Defendants admit that on May 7, 2007, a check reflecting the value of Plaintiff's CREF accounts as of May 1, 2007, the agreed-upon effective date of the transfer, was sent by overnight mail to Milliman, Inc.  Defendants deny the remaining allegations in paragraph 19.

20.     The allegations in the first sentence of paragraph 20 set forth legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in the first sentence of paragraph 20.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 20, and on that basis deny them.

21.     Defendants admit that the "How to Transfer and Withdraw Your Money" portion of the May 1, 2006 CREF Prospectus states that "[t]ransfers and cash withdrawals are effective at the end of the business day we receive your request and all required documentation.  You can also choose to have transfers and withdrawals take effect at the end of any future business day." (See p. 44.)  Defendants state that the "Determining the Value of Your Account – Accumulation Units" portion of the May 1, 2006 CREF Prospectus states that "[t]o determine accumulation unit values for transfers and cash withdrawals, we use the unit values calculated at the end of the business day on which we receive your completed request and required documents."  (See p. 43.) The allegations in the second sentence of paragraph 21 set forth legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in the second sentence of paragraph 21.  Defendants deny the remaining allegations in paragraph 21.

22.     Defendants admit that TIAA sent Plaintiff a letter dated September 28, 2007 that stated that TIAA's handling of Plaintiff's transfer request was consistent with the procedures for such requests set forth in the CREF Prospectus.  Defendants deny the remaining allegations in paragraph 22.

## CLASS ACTION ALLEGATIONS

23.     Defendants admit that Plaintiff purports to bring this action as a class action on behalf of the proposed class identified in paragraph 23.  Defendants deny that this action can be maintained as a class action.

24.     Defendants admit that Plaintiff purports to bring this action as a class action on behalf of the proposed subclass identified in paragraph 24.  Defendants deny that this action can be maintained as a class action.  The remaining allegations in paragraph 24 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in paragraph 24.

25.     The allegations in paragraph 25 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 25.

26.     The allegations in paragraph 26 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.  Defendants deny that this action can be maintained as a class action.

28.     Defendants deny the allegations in Paragraph 28.  Defendants deny that this action can be maintained as a class action.

29.     Defendants deny the allegations in Paragraph 29, including its subparts. Defendants deny that this action can be maintained as a class action.

30.     Defendants admit that Plaintiff authorized the transfer to Milliman, Inc. of the amounts in his CREF accounts held through the St. Michael's Plan.  Defendants admit that the

value of Plaintiff's CREF accounts as of May 1, 2007, the effective date of the transfer, was sent to Milliman in May 7, 2007. The allegations in the first, second, and fourth sentences in paragraph 30 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in the first, second, and fourth sentences in paragraph 30. Defendants deny the remaining allegations in Paragraph 30. Defendants deny that this action can be maintained as a class action.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31. Defendants deny that this action can be maintained as a class action.

32.     Defendants deny the allegations in Paragraph 32. Defendants deny that this action can be maintained as a class action.

33.     Defendants deny the allegations in Paragraph 33. Defendants deny that this action can be maintained as a class action.

34.     Defendants deny the allegations in Paragraph 34. Defendants deny that this action can be maintained as a class action.

35.     Defendants deny the allegations in Paragraph 35. Defendants deny that this action can be maintained as a class action.

## COUNT I

## ERISA Breach of Fiduciary Duty

### (Claim by Subclass A)

36.     Defendants deny the allegations in paragraph 36.

37.     The allegations in paragraph 37 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

COUNT II

ERISA Prohibited Transactions

(Claim by Subclass A)

42.     Defendants deny the allegations in paragraph 42.

43.     The allegations in paragraph 43 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46.

COUNT III

Common Law Violations

47.     No response is required to the allegations in paragraph 47 because this Count has been dismissed.  To the extent a response is required, Defendants deny the allegations in paragraph 47.

9

48.     No response is required to the allegations in paragraph 48 because this Count has been dismissed.  To the extent a response is required, Defendants deny the allegations in paragraph 48.

49.     No response is required to the allegations in paragraph 49 because this Count has been dismissed.  To the extent a response is required, Defendants deny the allegations in paragraph 49.

50.     No response is required to the allegations in paragraph 50 because this Count has been dismissed.  To the extent a response is required, Defendants deny the allegations in paragraph 50.

COUNT IV

Consumer Fraud

51.     No response is required to the allegations in paragraph 51 because this Count has been dismissed.  To the extent a response is required, Defendants deny the allegations in paragraph 51.

52.     No response is required to the allegations in paragraph 52 because this Count has been dismissed.  To the extent a response is required, Defendants deny the allegations in paragraph 52.

To the extent a response is required to the allegations beneath the phrase "Relief" on page 13 of the Complaint, Defendants deny that Plaintiff is entitled to the relief therein, or to any relief whatsoever.

In response to Plaintiff's "Jury Demand," Defendants deny that Plaintiff is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

1.       Plaintiff has failed to state a claim upon which relief may be granted.

2.       Insofar as the Complaint purports to allege claims of breach of fiduciary duty as a result of misrepresentations, the averments of the circumstances constituting the alleged fraud have not been alleged with the requisite particularity required by Federal Rule of Civil Procedure 9(b).

3.       Plaintiff's claims are barred by the statutes of limitation.

4.       Plaintiff's claims are barred by laches, waiver, or estoppel.

5.       Plaintiff lacks standing under ERISA to assert his claims.

6.       Plaintiff's claims are barred in whole or in part by ERISA § 404(c), 29 U.S.C. § 1104(c).

7.       To the extent that Plaintiff asserts that Defendants engaged in transactions prohibited by ERISA § 406, 29 U.S.C. § 1106, those claims are barred in whole or in part pursuant to ERISA § 408, 29 U.S.C. § 1108.

Defendants reserve the right to amend and/or supplement the averments of their Answer and Affirmative Defenses to assert any and all pertinent defenses ascertained through further investigation and discovery of this action.

Defendants will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Defendants pray that the Court determine and adjudge:

   a.       that this suit cannot be maintained as a class action;

   b.       that the Complaint be dismissed on the merits;

   c.       that Plaintiff take nothing by the Complaint;

     d.      that Defendants be awarded their costs, disbursements, attorneys' fees, and

expenses incurred herein; and

     e.      that Defendants be awarded such other and further relief as the Court may

deem proper.

Dated: February 4, 2011               O'MELVENY & MYERS LLP

                                     By: /s/ Christopher D. Catalano
                                     Robert N. Eccles (*pro hac vice*)
                                     Christopher D. Catalano (*pro hac vice*)
                                     1625 Eye Street, N.W.
                                     Washington, D.C. 20006
                                     Phone: (202) 383-5300
                                     Fax:    (202) 383-5414
                                     Email:beccles@omm.com
                                            ccatalano@omm.com

                                     Robert Luce
                                     Elizabeth R. Wohl
                                     Downs Rachlin Martin PLLC
                                     28 Vernon Street, P.O. Box 9
                                     Brattleboro, VT 05302-0009
                                     Phone: (802) 258-3070
                                     Fax:    (802) 258-4875
                                     Email: ewohl@drm.com

                                     Counsel for Defendants Teachers Insurance and
                                     Annuity Association of America (identified in the
                                     complaint as "Teachers Insurance and Annuity
                                     Association of America - College Retirement
                                     Equities Fund (TIAA-CREF)"), College Retirement
                                     Equities Fund (identified in the complaint as
                                     "College Retirement and Equities Fund"), TIAA-
                                     CREF Investment Management, LLC, Teachers
                                     Advisors, Inc., and TIAA-CREF Individual and
                                     Institutional Services, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2011, I electronically filed Defendants' Answer to First Amended Complaint and Affirmative Defenses with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following: Norman Williams, attorney for the plaintiff.

/s/ Christopher D. Catalano
Christopher D. Catalano

DC1:820257.1

13