UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| NORMAN WALKER, on behalf of himself and all others similarly situated,<br>      Plaintiff<br><br>   v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), and TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC,<br>      Defendants<br><br>CHRISTINE BAUER-RAMAZANI,<br>      Intervenor | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Docket No. 1:09-CV-190<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>PLAINTIFF'S RULE 56(f) MOTION FOR DENIAL<br>OF SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR CONTINUANCE</u>

Pursuant to Federal Rule of Civil Procedure 56(f), Plaintiff Norman Walker, by his attorneys, Gravel and Shea, moves this Court for an order denying Defendants' Motion for Summary Judgment or, alternatively, for an order continuing this case until sufficient discovery can be conducted. This motion is supported by the Rule 56(f) Affidavit of Norman Williams, *see* Fed. R. Civ. P. 56(f), as well as Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment and in Support of His Rule 56(f) Motion.

As set forth in the Affidavit and Memorandum, Defendant's Motion for Summary Judgment is untimely because Plaintiff has not had an adequate opportunity to conduct essential

discovery in this case. Plaintiff has yet to take a single deposition, and he has not received any documents in response to its discovery requests, other than publicly-available prospectuses, a complaint, an answer, and four one-page charts. In order to prove the elements of his case, Plaintiff needs to obtain more information relating to Defendants' practice of delaying the transfer and redemption of customer funds. More specifically, Plaintiff needs access to the pleadings, deposition transcripts, and documents produced by TIAA-CREF in *Rink v. CREF*, No. 07-CI-10761 (Ky. Cir., filed Oct. 29, 2007), a case presenting similar claims under state law.

As explained in the supporting Affidavit and Memorandum, Plaintiff reasonably expects that the facts contained in the *Rink* materials will create a genuine issue of material fact that will not only defeat Defendants' Motion for Summary Judgment, but also will prove the essential elements of Plaintiff's case. While Plaintiff has diligently attempted to obtain the *Rink* materials and other documents relating to Defendants' practice of delaying the transfer and redemption of customer funds, Plaintiff has not been able to acquire them because of Defendants' resistance to his discovery requests.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying Defendants' Motion for Summary Judgment or, alternatively, continuing this case until sufficient discovery can be conducted.

Dated:     Burlington, Vermont
           February 22, 2011

>                    */s/ Norman Williams*
>                    Norman Williams, Esq.
>                    Robert B. Hemley, Esq.
>                    Gravel and Shea, A Professional Corporation
>                    P.O. Box 369
>                    Burlington, VT  05402-0369
>                    (802) 658-0220
>                    nwilliams@gravelshea.com
>                    rhemley@gravelshea.com
>                    For Plaintiff and Intervenor