U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 SEP -2 PM 1:00

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

NORMAN WALKER and CHRISTINE BAUER-RAMAZANI, on behalf of themselves and all others similarly situated,
Plaintiffs

v.

TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), and TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC,
Defendants

Docket No. 1:09-CV-190

# CONSOLIDATED SECOND AMENDED COMPLAINT

## Nature of Action

1. This is a class action for equitable relief and damages based on Defendants' wrongful use of customer funds after customers have asked that such funds be returned or transferred. Defendants' actions violate their fiduciary duties and constitute prohibited transactions under the Employee Retirement Income Security Act of 1974 (ERISA). They also violate Defendants' fiduciary duties and constitute conversion under common law, as well as unfair practices under the Vermont Consumer Fraud Act and similar "mini-FTC" acts in other states. On behalf of themselves and all others similarly situated, Plaintiffs seek equitable and

GRAVEL AND SHEA
A PROFESSIONAL CORPORATION
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

legal relief under sections 502(a)(2) and 502(a)(3) of ERISA, together with statutory attorney's fees. Plaintiffs also seek compensatory and exemplary damages, as well as statutory attorney's fees, based on his common law and state statutory claims.

Jurisdiction and Venue

2. Federal jurisdiction over Plaintiffs' ERISA claims is available under 28 U.S.C. § 1331, because the claims arise under the laws of the United States. Jurisdiction over Plaintiffs' state law claims is available under 28 U.S.C. § 1332(d)(2)(A), since Plaintiffs are citizens of a state different from at least one Defendant and, on information and belief, the amount in controversy for the class exceeds $5 million. Jurisdiction is also available under 28 U.S.C. § 1367, since such claims are so related to Plaintiffs' ERISA claims that they form part of the same case and controversy.

3. Venue is proper in the District of Vermont under 28 U.S.C. § 1391(a)(1), since one or more Defendants are corporations subject to personal jurisdiction in this state and therefore residents for purposes of venue. Venue is also proper under 28 U.S.C. § 1391(a)(2), since a substantial part of the events giving rise to Plaintiffs' claims occurred here.

Parties

4. Plaintiff Norman Walker is an Associate Professor of Business Administration at St. Michael's College and a resident of Charlotte, Vermont. Professor Walker was the account owner of a TIAA-CREF retirement account from 1995 to 2007. Amounts in Prof. Walker's accounts were plan assets of the St. Michael's College Retirement Plan, a defined contribution plan under ERISA.

GRAVEL AND SHEA
A PROFESSIONAL CORPORATION
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

5. Plaintiff Christine Bauer-Ramazani is an instructor at St. Michael's College in the Applied Linguistics Department. She is a resident of Williston, Vermont. Ms. Bauer-Ramazani was the account owner of a TIAA-CREF retirement account at St. Michael's College from 1986 to 2007. Amounts in Ms. Bauer-Ramazani's accounts were plan assets of the St. Michael's College Retirement Plan, a defined contribution plan under ERISA.

6. Defendant TIAA-CREF is a group of closely-related and affiliated companies and subsidiaries, including each of the Defendants in this action. TIAA-CREF's main offices and "nerve center" are located in New York, New York. According to its website, TIAA-CREF has more than $400 billion under management and holds more than 3.2 million individual accounts. As used in this Complaint, the terms "TIAA-CREF," "Defendant," and "Defendant TIAA-CREF" refer to each of the companies which comprise the TIAA-CREF group, including the companies specifically named as Defendants.

7. The entities which comprise TIAA-CREF share corporate governance. In many cases, they provide services to one another at cost and share employees. Moreover, TIAA-CREF markets itself to the investing public as a single entity. For all of these reasons, TIAA-CREF should be considered a single entity to the extent necessary to achieve the ends of justice.

8. Defendant College Retirement and Equities Fund ("CREF") is a New York non-profit membership corporation. Defendant CREF offers at least eight fund choices to investors, including a stock fund, global equities fund, growth fund, equity index fund, social choice fund, bond market fund, inflation-linked bond fund, and money market fund.

9. Defendant TIAA-CREF Investment Management, LLC ("TCIM"), a Delaware limited liability company, and Defendant Teachers Advisors, Inc. ("TAI"), a Delaware business corporation, provide investment advice and management services to CREF funds.

GRAVEL AND SHEA
A PROFESSIONAL CORPORATION
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

10. Defendant TIAA-CREF Individual & Institutional Services, LLC, a Delaware limited liability company and a wholly-owned subsidiary of TIAA, holds the "gain" and "loss" accounts to which investment earnings or losses on customer funds used by TIAA-CREF after a redemption or transfer request is received are credited or charged.

Facts

11. The St. Michael's College ("College") retirement plan ("Plan") is a defined contribution plan consisting of a Salary Deferral Arrangement under Section 403(b) of the Internal Revenue Code and a Money Purchase Plan under Section 401(a) of the Internal Revenue Code (since converted to a profit- sharing plan under Section 401(k) of the Internal Revenue Code).

12. Beginning in 1993, the College moved retirement assets of Plan participants which had been invested with various mutual funds, insurance companies, and banks to TIAA-CREF.

13. In 2006, the College, as administrator of the Plan, concluded that the funds offered by TIAA-CREF were not performing satisfactorily. It directed Defendant TIAA-CREF to transfer retirement accounts belonging to Plan participants to Milliman USA, another mutual fund "platform" (i.e., a company offering investments in various mutual funds).

14. TIAA-CREF refused to do so, claiming that the College had no authority to direct it to transfer such accounts. According to Defendant, all TIAA-CREF accounts held by participants in the Plan were based on individual contracts between TIAA-CREF and the participants themselves.

GRAVEL AND SHEA
A PROFESSIONAL CORPORATION
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

15. Based on Defendant's position, the Plan was forced to obtain individual signatures to the multiple forms required by TIAA-CREF in order to transfer or withdraw accounts.

16. Eventually, the Plan gathered and submitted to TIAA-CREF the required signatures to transfer the retirement accounts of approximately 755 College employees, with assets of more than $36 million, from TIAA-CREF to Milliman USA.

17. The College and TIAA-CREF agreed that the accounts, including the Plaintiffs' accounts, would be transferred on May 1, 2007. All forms necessary for the transfer were provided to TIAA-CREF on or prior to that date.

18. Notwithstanding the agreement that the amounts in Plaintiffs' accounts would be transferred on May 1, 2007, TIAA-CREF did not in fact cut a check for Prof. Walker's account until at least May 7, 2007, and did not in fact cut a check for Prof. Bauer-Ramazani's account until at least May 21, 2007.

19. During the week between May 1 and May 7, 2007, the value of Prof. Walker's account as shown on TIAA-CREF's website increased by several thousand dollars. The TIAA-CREF check cut on May 7, 2007, represented only the value of his account as of May 1, 2007, however.

20. During the interval between May 1, 2007, and May 7, 2007, the funds in Plaintiff Walker's account remained invested, but the check TIAA-CREF cut on May 7, 2007, only reflected the value of his account on May 1, 2007.

21. During the period between May 1 and May 21, 2007, the value of Prof. Bauer-Ramazani's plan assets increased by more than $2,000. The TIAA-CREF check cut on May 21, 2007, represented only the value of her account as of May 1, 2007, however.

GRAVEL AND SHEA
A PROFESSIONAL CORPORATION
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

22. Neither Prof. Walker nor Prof. Bauer-Ramazani ever agreed, contractually or otherwise, to allow TIAA-CREF to invest their retirement funds for purposes other than their own benefit, nor did TIAA-CREF ever disclose that it had any policy, practice, or intention of doing so. Plaintiff Walker discovered the discrepancy between the amount which was transferred and the value of his account on the actual day of transfer only because he happened to check his account on-line after May 1, 2007. The discrepancy in Prof. Bauer-Ramazani's account was determined by comparing the value of the funds held by Prof. Bauer-Ramazani on May 21, 2007 with their value on May 1, 2007.

23. TIAA-CREF's Prospectus states, under "How to Transfer Money," that "transfers and cash withdrawals are effective at the end of the business day we receive your request and all required documentation." The Prospectus neither states nor suggests that TIAA-CREF may use or retain investment earnings on funds from a client's account after a withdrawal request and required documentation is received, or that it may invest or keep such funds invested for any purpose other than the client's benefit.

24. On information and belief, it is TIAA-CREF's regular policy and practice to invest or keep invested funds in customer accounts after the receipt of transfer or withdrawal requests, for periods of one to four weeks or longer. Investment earnings on such funds are not paid to the account holder but retained by TIAA-CREF for other purposes. Rather than apologizing for its practice, TIAA-CREF has attempted to defend it by stating that, had it suffered trading losses on Plaintiffs' accounts after May 1, 2007, it still would have paid the value of those accounts as of May 1. However, TIAA-CREF in fact made money on Plaintiffs' retirement funds.

GRAVEL AND SHEA
A PROFESSIONAL CORPORATION
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

Class Action Allegations

25. Plaintiffs brings this action on behalf of themselves and as a class action under F.R.Civ.P. 23(a) and 23(b)(1) and (b)(3) on behalf of all members of the following Class:

> All persons, including all "persons" as defined by 29 U.S.C. § 1002(9), who held TIAA-CREF mutual fund or money market accounts which TIAA-CREF invested, kept invested, benefitted from, or otherwise used for purposes other than the benefit of the account holder, after it received a request to transfer or redeem the account.

26. The Class described in paragraph 25 above includes a subclass of those whose accounts were subject to ERISA (Subclass A). Plaintiff is a member of both the Class and Subclass A.

27. Under section 413(2) of ERISA, 29 U.S.C. § 1113(2), the Class Period for Subclass A begins on the date TIAA-CREF initiated the practice and policy complained of in this action, since TIAA-CREF concealed such practice from class members. In the event no fraud or concealment is found, the Class Period begins on August 17, 2003, six years before the action was filed.

28. With respect to the class as a whole, the Class Period also begins on the date TIAA-CREF initiated the practice and policy complained of in this action, since TIAA-CREF concealed such practice from class members. *See* 12 V.S.A. § 511. In the event no fraud or concealment is found, the Class Period begins on August 17, 2003, six years before the action was filed.

29. Plaintiffs do not know the exact number of Class Members or Subclass A Members, because such information is in the exclusive control of the Defendants. Based on the information provided by Defendants to date, Plaintiffs believe there are at least 1.4 million

GRAVEL AND SHEA
A PROFESSIONAL CORPORATION
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

members of the Class as a whole and at least 560,000 members of Subclass A. The exact number of class members and their identities is known or may be ascertained by Defendants.

30. The Class and Subclass A are so numerous that joinder of all Members is impracticable.

31. There are questions of law and fact common to the Class and to Subclass A, including:

(a) Whether TIAA-CREF has or had a practice or policy of retaining and investing customer funds for purposes other than the customer's benefit, after receiving a request for withdrawal or transfer;

(b) When TIAA-CREF's policy or practice began and what its exact nature was;

(c) As to Subclass A, whether TIAA-CREF's actions violated the fiduciary duty and prohibited transaction provisions of ERISA;

(d) Whether TIAA-CREF's actions violated its fiduciary duties under common law;

(e) Whether TIAA-CREF's actions constitute conversion or a similar common law tort;

(f) Whether TIAA-CREF's actions violate the Vermont Consumer Fraud Act and similar "mini-FTC" statutes in other states, forbidding unfair practices in commerce;

(g) Whether TIAA-CREF concealed its practice or policy from Plaintiffs and other Class Members, thereby extending the statute of limitations under ERISA, common law, or any other relevant statute;

GRAVEL AND SHEA
A PROFESSIONAL CORPORATION
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

(h) Whether TIAA-CREF is liable to Plaintiffs and other Class Members for compensatory damages and, if so, in what amount;

(i) Whether TIAA-CREF is liable to Plaintiffs and other Class Members for disgorgement or other equitable remedies and, if so, in what amount;

(j) Whether TIAA-CREF is liable to the St. Michael's College Plan in which Plaintiffs are participants, or to other ERISA plans in which Class Members are participants or beneficiaries;

(k) Whether TIAA-CREF is liable to Plaintiffs and other Class Members for exemplary damages in addition to compensatory damages; and

(l) Whether TIAA-CREF is liable to Plaintiffs and other Class Members for reasonable attorney's fees.

32. Plaintiffs are members of the Class. Their claims are typical of the claims of the Class Members, and Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs closed their TIAA-CREF accounts, and the value of their accounts on the date of transfer was greater than the amount TIAA-CREF transferred on their behalf. Their interests are coincident with, and not antagonistic to, those of the other members of the Class.

33. Plaintiffs are represented by counsel who is competent and experienced in handling ERISA, common law, consumer fraud, and class action litigation.

34. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant.

35. The prosecution of separate actions by individual members of the Class would create a risk that adjudications with respect to individual members would, as a practical matter,

GRAVEL AND SHEA
A PROFESSIONAL CORPORATION
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

be dispositive of the interests of the other members not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests.

36. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

37. A class action is superior to other methods for the fair and efficient adjudication of this controversy. The Class and each Subclass is readily definable and is one for which records should exist. Prosecution of class member claims as a class action will eliminate the possibility of repetitious litigation. Treatment of the controversy as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. This class action presents no difficulties in management that would preclude maintenance as a class action.

COUNT I

ERISA Breach of Fiduciary Duty
(Claim by Subclass A)

38. By investing or keeping invested funds in Plaintiffs' retirement accounts for purposes other than Plaintiffs' benefit after they directed it to transfer such funds to another provider, TIAA-CREF exercised authority or control respecting the management or disposition of such accounts and must be deemed a fiduciary under section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

39. An ERISA fiduciary is obligated to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of . . .

GRAVEL AND SHEA
A PROFESSIONAL CORPORATION
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

providing benefits to participants and their beneficiaries" under section 404(a) of ERISA, 29 U.S.C. § 1104(a).

40. By investing or keeping invested retirement funds belonging to Plaintiffs and others similarly situated for purposes other than their benefit after receiving written instructions to transfer or redeem such funds, TIAA-CREF was not acting solely in the interest of Plaintiffs or for the exclusive purpose of providing benefits to Plaintiffs or their plan, as ERISA requires.

41. In failing to disclose its policy and practice of investing or keeping invested retirement account funds for purposes other than the benefit of the redeeming or transferring customer, and in stating in its Prospectus that "transfers and cash withdrawals are effective at the end of the business day we receive your request and all required documentation," TIAA-CREF made misleading statements and omissions in violation of its fiduciary duty of loyalty under Section 404(a) of ERISA, 29 U.S.C. § 1104.

42. TIAA-CREF is liable to the ERISA Plans in which Plaintiffs and other members of Subclass A were participants or beneficiaries for the value of the use of the plan assets in their retirement accounts, and for the disgorgement of any investment profits made through the use of such funds, under sections 409, 502(a)(2) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1109(a); 1132(a)(2); 1132(a)(3).

43. TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.

GRAVEL AND SHEA
A PROFESSIONAL CORPORATION
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

COUNT II

ERISA Prohibited Transactions
(Claim by Subclass A)

44. TIAA-CREF, and each of the Defendant entities of which it is comprised, are "parties in interest" under section 3(14)(a) of ERISA, 29 U.S.C. § 1002(14)(A).

45. Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D), prohibits the "use by or for the benefit of a party in interest of any assets of the plan." Such use is barred categorically and is a *per se* violation of ERISA.

46. All amounts in the retirement account of Plaintiffs and other members of Subclass A were "assets of the plan" within the meaning of section 401(a)(1)(D). TIAA-CREF's investment of such assets following a request for redemption or transfer for any purpose other than the benefit of the account holder violates section 406 of ERISA, 29 U.S.C. § 1106.

47. TIAA-CREF is liable to Plaintiffs and other members of Subclass A under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), for disgorgement of all amounts which it earned on their accounts following a request for redemption or transfer, as well as other appropriate equitable relief.

48. TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.

COUNT III

Common Law Violations

49. Defendant owed a fiduciary and contractual duty to act in the best interest of Plaintiffs and other Class Members in handling their retirement accounts, including a duty to transfer or distribute funds in such accounts as soon as practicable upon receiving a written request to do so.

50. In violation of its fiduciary and contractual duties, Defendant temporarily converted retirement funds belonging to Plaintiffs and other Class Members to its own use and invested them or kept them invested for purposes other than the customer's benefit after receiving written requests to transfer or distribute such funds.

51. Although there was no practical impediment to transferring or distributing account funds promptly, Defendant routinely retained them for one to four weeks or more after receiving a written request for distribution or transfer. During the one to four week period, Defendant invested the account funds or kept them invested and did not pay Plaintiffs or other Class Members any investment earnings which resulted.

52. Defendant is liable to Plaintiffs and other Class Members at common law for the value of the use of their funds or the actual amount of investment earnings generated during the unauthorized investment period, whichever is greater.

COUNT IV

Consumer Fraud

53. Defendant engaged in an unfair practice in commerce by investing or keeping invested the retirement account funds of Plaintiffs and other Class Members for purposes other than the customer's benefit, after receiving written requests to transfer or distribute such funds.

GRAVEL AND SHEA
A PROFESSIONAL CORPORATION
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

Such practices are prohibited by the Vermont Consumer Fraud Act, 9 Vt. Stat. Ann. §§ 2451 *et. seq.*, and by similar "mini-FTC" statutes in other states.

54. Under 9 Vt. Stat. Ann. §§ 2451 *et. seq.* and similar "mini-FTC" statutes, Plaintiffs and other Class Members are entitled to compensatory damages based on the unauthorized investment of their retirement account funds for purposes other than their benefit, as well as exemplary damages not to exceed three times the amount of compensatory damages. In addition, Plaintiffs and other Class Members are entitled to the reasonable attorney's fees incurred in prosecuting this action.

## Relief

On behalf of themselves and all others similarly situated, Plaintiffs request the following relief:

(a) Compensatory damages and appropriate equitable relief, including disgorgement, for TIAA-CREF's breach of its fiduciary duties under sections 502(a)(2) and 502(a)(3) of ERISA and common law;

(b) Equitable relief, including disgorgement of investment profits, under section 502(a)(3) of ERISA, for engaging in prohibited transactions involving plan assets under section 406(a) of ERISA;

(c) Compensatory and exemplary damages under common law and the Vermont Consumer Fraud Act and similar "mini-FTC" acts of other states;

(d) Reasonable attorney's fees and the costs of this action, as authorized by ERISA and the Vermont Consumer Fraud Act and similar "mini-FTC" acts of other states.

GRAVEL AND SHEA
A PROFESSIONAL CORPORATION
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

## JURY DEMAND

**Plaintiffs demand a trial by jury on all issues so triable.**

Dated: Burlington, Vermont
September 1, 2011

Norman Williams, Esq.
Robert B. Hemley, Esq.
Gravel and Shea PC
P. O. Box 369
Burlington, VT 05402-0369
(802) 658-0220
nwilliams@gravelshea.com
rhemley@gravelshea.com
For Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | | |
|---|---|---|
| NORMAN WALKER and CHRISTINE BAUER-RAMAZANI, on behalf of themselves and all others similarly situated, Plaintiffs | ) | |
| v. | ) | Docket No. 1:09-CV-190 |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), and TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC, Defendants | ) | |

CERTIFICATE OF SERVICE

I, Norman Williams, Esq., attorney for Plaintiff and Intervenor, certify that on September 1, 2011, I served Plaintiffs' Consolidated Second Amended Complaint, together with the red-lined version, on the counsel of record, as follows:

*First-Class Mail, Postage Prepaid*

Christopher D. Catalano, Esq.
Robert N. Eccles, Esq.
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, DC 20006

Elizabeth R. Wohl, Esq.
R. Bradford Fawley, Esq.
Downs Rachlin Martin PLLC
P.O. Box 9
Brattleboro, VT 05302-0009

GRAVEL AND SHEA
A PROFESSIONAL CORPORATION
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

Jennifer E. McDonald, Esq.
Robert B. Luce, Esq.
Downs Rachlin Martin PLLC
P.O. Box 190
Burlington, VT 05402-0190

Dated: Burlington, Vermont
September 1, 2011

Norman Williams, Esq.
Gravel and Shea PC
P.O. Box 369
Burlington, VT 05402-0369
(802) 658-0220
nwilliams@gravelshea.com
For Plaintiff and Intervenor

<479189v8/KAH>