## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

| | |
|---|---|
| NORMAN WALKER, on behalf of himself and all others similarly situated, </br></br>        Plaintiff, </br></br>    v. </br></br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA - COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND, TIAA-CREF INVESTMENT MANAGEMENT, LLC, TEACHERS ADVISORS, INC., AND TIAA-CREF INDIVIDUAL AND INSTITUTIONAL SERVICES, LLC, </br></br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Docket No. 1:09-cv-190 |

### DEFENDANTS' ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

### PRELIMINARY STATEMENT

Defendants Teachers Insurance and Annuity Association of America (identified in the complaint as "Teachers Insurance and Annuity Association of America - College Retirement and Equities Fund (TIAA-CREF)") ("TIAA"), College Retirement Equities Fund (identified in the complaint as "College Retirement and Equities Fund") ("CREF"), TIAA-CREF Investment Management, LLC, Teachers Advisors, Inc., and TIAA-CREF Individual and Institutional Services, LLC (collectively, "Defendants") submit their answer and affirmative defenses to Plaintiffs' Consolidated Second Amended Complaint (ECF No. 104) ("Complaint").

Unless specifically admitted, Defendants deny each and every averment in the Complaint. To the extent that Plaintiff has included headings or impertinent material that is inappropriate under Rule 8 or 12(f) of the Federal Rules of Civil Procedure, no response is necessary and

such material should be struck. To the extent any headings or impertinent material are deemed to require a response, Defendants deny them. Any headings from the Complaint that are reproduced here are reproduced for convenience of reading only. In light of the Court's April 9, 2010 order (ECF No. 21) granting Defendants' motion to dismiss the state-law claims in the original complaint, the Court's August 4, 2010 order upholding that dismissal upon reconsideration (ECF No. 34), and the Court's January 19, 2011 text order stating that "Plaintiff's state law claims were dismissed without prejudice, Doc. 34, and are not revived with the filing of the First Amended Complaint," (ECF No. 62), nothing in this Answer means that Defendants agree that the state-law claims in the Complaint (Counts III and IV) are still at issue in this case. To the contrary, since those claims have been dismissed, they should not be in the Complaint and Defendants are not required to respond to them.

## ANSWER

### Nature of Action

1.      The allegations in paragraph 1 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 1.

2.      Defendants admit that the Court has subject matter jurisdiction over this action. Defendants deny the remaining allegations in paragraph 2.

3.      Defendants admit that venue is proper in this District. Defendants deny the remaining allegations in paragraph 3.

Parties

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 4, and on that basis deny them. Defendants admit that Walker was a CREF accountholder through the St. Michael's College Retirement Plan. The allegations in the third sentence of paragraph 4 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in the third sentence of paragraph 4. Defendants deny the remaining allegations in paragraph 4.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of paragraph 5, and on that basis deny them. Defendants admit that Bauer-Ramazani was a CREF accountholder through the St. Michael's College Retirement Plan. The allegations in the fourth sentence of paragraph 5 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in the fourth sentence of paragraph 5. Defendants deny the remaining allegations in paragraph 5.

6. The allegations in the first two sentences of paragraph 6 set forth legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in the first two sentences of paragraph 6. In response to the allegations in the third sentence of paragraph 6, Defendants refer to the http://www.tiaa-cref.org website for its contents. Defendants deny the remaining allegations in paragraph 6.

7. The allegations in paragraph 7 set forth legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 6.

8.     Defendants admit that CREF is a nonprofit membership corporation established in New York State.  Defendants admit that CREF offers eight variable annuity Accounts, as described in its prospectuses.  Defendants deny the remaining allegations in paragraph 8.

9.     Defendants admit that Defendant TIAA-CREF Investment Management, LLC is a Delaware limited liability company that serves as investment advisor to certain CREF variable annuity Accounts.  Defendants admit that Defendant Teachers Advisors, Inc. is a Delaware corporation that advises investment companies other than CREF.  Defendants deny the remaining allegations in paragraph 9.

10.    Defendants admit that Defendant TIAA-CREF Individual & Institutional Services, LLC is a Delaware limited liability company that holds gain and loss accounts reflecting the difference between the market value of a CREF annuity between the effective date of a customer's transfer or withdrawal request and the date that units in the annuity are sold to fund the payment.  Defendants deny the remaining allegations in paragraph 10, and specifically deny that they or "TIAA-CREF" "use" customer funds or any gains or losses on those funds "after a redemption or transfer request is received."

Facts

11.    Defendants admit that the Retirement Plan for Employees of St. Michael's College ("St. Michael's Plan") is a retirement plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11, and on that basis deny them.

12.    Defendants admit that St. Michael's Plan participants began holding their plan investments in TIAA or CREF products no later than 1995.  Defendants lack knowledge or

4

information sufficient to form a belief about the truth of the remaining allegations in paragraph 12, and on that basis deny them.

13.     Defendants admit that St. Michael's College purported to instruct TIAA to transfer the accounts of St. Michael's Plan participants to Milliman, Inc.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13, and on that basis deny them.

14.     Defendants admit that TIAA informed St. Michael's College that all TIAA or CREF accounts held by participants in the St. Michael's Plan were based on individual certificates and, as such, required individual authorizations to withdraw from or transfer the accounts.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14, and on that basis deny them.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, and on that basis deny them.

16.     Defendants admit that TIAA received paperwork reflecting the authorizations by individual participants of the St. Michael's Plan for the transfer of their TIAA or CREF accounts. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16, and on that basis deny them.

17.     Defendants admit that the agreed-upon _effective date_ of transfer to Milliman, Inc. for the TIAA-CREF accounts in the St. Michael's College Plan, including Walker's and Bauer-Ramazani's accounts, was May 1, 2007.  Defendants deny the remaining allegations in paragraph 17, and specifically deny that there was ever any agreement to _make transfer payments_ to Milliman on May 1, 2007, as opposed to an agreement that May 1, 2007 would be the effective date of the transfers for account-valuation purposes.

18. Defendants admit that on May 7, 2007, a check reflecting the value of Walker's CREF accounts as of May 1, 2007, the agreed-upon effective date of the transfer, was sent by overnight mail to Milliman, Inc. Defendants admit that TIAA processed and paid Bauer-Ramazani's transfer requests on May 21, 2007, and valued her accounts using the agreed-upon effective date of May 1, 2007. Defendants deny the remaining allegations in paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 19 and on that basis deny them. Defendants admit that on May 7, 2007, a check reflecting the value of Walker's CREF accounts as of May 1, 2007, the agreed-upon effective date of the transfer, was sent by overnight mail to Milliman, Inc. Defendants deny the remaining allegations in paragraph 19.

20. Defendants admit that on May 7, 2007, a check reflecting the value of Walker's CREF accounts as of May 1, 2007, the agreed-upon effective date of the transfer, was sent by overnight mail to Milliman, Inc. Defendants deny the remaining allegations in paragraph 20.

21. Defendants deny the allegations in the first sentence of paragraph 21. Defendants admit that they transferred to Milliman, Inc. the value of Bauer-Ramazani's accounts as of May 1, 2007, the agreed-upon effective date. Defendants deny the remaining allegations in paragraph 21.

22. The allegations in the first sentence of paragraph 20 set forth legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in the first sentence of paragraph 20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of paragraph 22, and on that basis deny them.

23.    Defendants admit that the "How to Transfer and Withdraw Your Money" portion of the May 1, 2006 CREF Prospectus states that "[t]ransfers and cash withdrawals are effective at the end of the business day we receive your request and all required documentation. You can also choose to have transfers and withdrawals take effect at the end of any future business day." (See p. 44.) Defendants state that the "Determining the Value of Your Account – Accumulation Units" portion of the May 1, 2006 CREF Prospectus states that "[t]o determine accumulation unit values for transfers and cash withdrawals, we use the unit values calculated at the end of the business day on which we receive your completed request and required documents." (See p. 43.) The allegations in the second sentence of paragraph 23 set forth legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in the second sentence of paragraph 23. Defendants deny the remaining allegations in paragraph 23.

24.    Defendants admit that TIAA sent Walker a letter dated September 28, 2007 that stated that TIAA's handling of Plaintiff's transfer request was consistent with the procedures for such requests set forth in the CREF Prospectus. Defendants deny the remaining allegations in paragraph 24.

## CLASS ACTION ALLEGATIONS

25.    Defendants admit that Plaintiffs purport to bring this action as a class action on behalf of the proposed class identified in paragraph 25. Defendants deny that this action can be maintained as a class action.

26.    Defendants admit that Plaintiffs purport to bring this action as a class action on behalf of the proposed subclass identified in paragraph 26. Defendants deny that this action can be maintained as a class action. The remaining allegations in paragraph 26 contain legal

conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in paragraph 26.

27. The allegations in paragraph 27 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 27.

28. The allegations in paragraph 28 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in Paragraph 29.  Defendants deny that this action can be maintained as a class action.

30. Defendants deny the allegations in Paragraph 30.  Defendants deny that this action can be maintained as a class action.

31. Defendants deny the allegations in Paragraph 31, including its subparts.  Defendants deny that this action can be maintained as a class action.

32. The allegations in the first, second, and fourth sentences of paragraph 32 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny those allegations.  In response to the allegations in the third sentence of paragraph 32, Defendants admit that plaintiffs were paid the value of their CREF accounts as of May 1, 2007, which was the agreed-upon effective date of their transfer requests, and otherwise deny the allegations in that sentence.  Defendants deny that this action can be maintained as a class action.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33. Defendants deny that this action can be maintained as a class action.

34. Defendants deny the allegations in Paragraph 34. Defendants deny that this action can be maintained as a class action.

35. Defendants deny the allegations in Paragraph 35. Defendants deny that this action can be maintained as a class action.

36. Defendants deny the allegations in Paragraph 36. Defendants deny that this action can be maintained as a class action.

37. Defendants deny the allegations in Paragraph 37. Defendants deny that this action can be maintained as a class action.

## COUNT I

### ERISA Breach of Fiduciary Duty

(Claim by Subclass A)

38. Defendants deny the allegations in paragraph 38.

39. The allegations in paragraph 39 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

## COUNT II

### ERISA Prohibited Transactions

(Claim by Subclass A)

44. Defendants deny the allegations in paragraph 44.

45. The allegations in paragraph 45 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

## COUNT III

### Common Law Violations

49. No response is required to the allegations in paragraph 49 because this Count has been dismissed. To the extent a response is required, Defendants deny the allegations in paragraph 49.

50. No response is required to the allegations in paragraph 50 because this Count has been dismissed. To the extent a response is required, Defendants deny the allegations in paragraph 50.

51. No response is required to the allegations in paragraph 51 because this Count has been dismissed. To the extent a response is required, Defendants deny the allegations in paragraph 51.

52. No response is required to the allegations in paragraph 52 because this Count has been dismissed. To the extent a response is required, Defendants deny the allegations in paragraph 52.

## COUNT IV

### Consumer Fraud

53. No response is required to the allegations in paragraph 53 because this Count has been dismissed. To the extent a response is required, Defendants deny the allegations in paragraph 53.

54. No response is required to the allegations in paragraph 54 because this Count has been dismissed. To the extent a response is required, Defendants deny the allegations in paragraph 54.

To the extent a response is required to the allegations beneath the phrase "Relief" on page 14 of the Complaint, Defendants deny that Plaintiffs are entitled to the relief therein, or to any relief whatsoever.

In response to Plaintiffs' "Jury Demand," Defendants deny that Plaintiffs are entitled to a jury trial.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Insofar as the Complaint purports to allege claims of breach of fiduciary duty as a result of misrepresentations, the averments of the circumstances constituting the alleged fraud have not been alleged with the requisite particularity required by Federal Rule of Civil Procedure 9(b).

3. Plaintiffs' claims are barred by the statutes of limitation.

4. Plaintiffs' claims are barred by laches, waiver, or estoppel.

5. Plaintiffs lack standing under ERISA to assert their claims.

6. Plaintiffs' claims are barred in whole or in part by ERISA § 404(c), 29 U.S.C. § 1104(c).

7. To the extent that Plaintiffs assert that Defendants engaged in transactions prohibited by ERISA § 406, 29 U.S.C. § 1106, those claims are barred in whole or in part pursuant to ERISA § 408, 29 U.S.C. § 1108.

Defendants reserve the right to amend and/or supplement the averments of their Answer and Affirmative Defenses to assert any and all pertinent defenses ascertained through further investigation and discovery of this action.

Defendants will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Defendants pray that the Court determine and adjudge:

    a. that this suit cannot be maintained as a class action;

    b. that the Complaint be dismissed on the merits;

    c. that Plaintiffs take nothing by the Complaint;

    d. that Defendants be awarded their costs, disbursements, attorneys' fees, and expenses incurred herein; and

    e. that Defendants be awarded such other and further relief as the Court may deem proper.

Dated: September 16, 2011                O'MELVENY & MYERS LLP

By: /s/ Christopher D. Catalano
Robert N. Eccles (*pro hac vice*)
Christopher D. Catalano (*pro hac vice*)
1625 Eye Street, N.W.
Washington, D.C. 20006
Phone: (202) 383-5300
Fax:    (202) 383-5414
Email: beccles@omm.com
          ccatalano@omm.com

Robert Luce
Elizabeth R. Wohl
Downs Rachlin Martin PLLC
28 Vernon Street, P.O. Box 9
Brattleboro, VT 05302-0009
Phone: (802) 258-3070
Fax:    (802) 258-4875
Email: ewohl@drm.com

Counsel for Defendants Teachers Insurance and Annuity Association of America (identified in the complaint as "Teachers Insurance and Annuity Association of America - College Retirement Equities Fund (TIAA-CREF)"), College Retirement Equities Fund (identified in the complaint as "College Retirement and Equities Fund"), TIAA-CREF Investment Management, LLC, Teachers Advisors, Inc., and TIAA-CREF Individual and Institutional Services, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF VERMONT

      I hereby certify that on September 16, 2011, I electronically filed Defendants' Answer to Consolidated Second Amended Complaint and Affirmative Defenses with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following: Norman Williams, attorney for the plaintiff.

    /s/ Elizabeth R. Wohl
Elizabeth R. Wohl
Downs Rachlin Martin PLLC
28 Vernon Street, Suite 501
Brattleboro, VT 05301
(802) 258-3070
ewohl@drm.com