UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| NORMAN WALKER and CHRISTINE BAUER-RAMAZANI, on behalf of themselves and all others similarly situated,<br>               Plaintiffs<br><br>v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), and TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC,<br>               Defendants | Docket No. 1:09-CV-190 |

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION TO FILE THIRD AMENDED COMPLAINT

Plaintiffs Christine Bauer-Ramazani and Norman Walker seek to amend the Complaint in this action based on internal documents produced by TIAA-CREF. Most recently, TIAA-CREF produced documents on November 8, 2011, showing that it did not receive Plaintiff Bauer-Ramazani's transfer request from St. Michael's College until May 17, 2007, even though she signed the form and turned it over to the College in March. Accordingly, the Third Amended Complaint deletes allegations that the requested form was provided before May 1, 2007. Earlier, TIAA-CREF also provided deposition transcripts and documents which it had produced in *Rink v. CREF*, No. 07-CI-107 (Ky. Cir. filed Oct. 29, 2007), showing that TIAA-CREF offered some

customers (including the Plaintiff Richard Rink) the "lost investment experience"[1] which they suffered as a result of redemption or transfer delays. The *Rink* material also shows that, unlike Prof. Walker, many customers with delays of seven days or less were in fact compensated. Thus, the Third Amended Complaint adds a claim that, by compensating some customers and not others and by doing so on different bases, TIAA-CREF breached its fiduciary duty of impartial treatment. Finally, as a technical matter, Plaintiffs have added Teachers' Insurance and Annuity Association of America ("TIAA") as a separate Defendant. Until now, it had been named as part of TIAA-CREF.

Under Fed.R.Civ.P. 15(a)(2), amendments should be freely granted when justice so requires. As the Supreme Court has stressed, "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182 (1962). This Court has repeatedly recognized the point. *See, e.g., The Standard Fire Ins. Co. v. Donnelly,* 689 F. Supp. 2d 696 (D.Vt. 2010); *Naylor v. Rotech Healthcare, Inc.,* 679 F. Supp. 2d 505 (D.Vt. 2009); *Vermont Assembly of Home Health Agencies, Inc. v. Shalala,* 18 F. Supp. 2d 355 (D.Vt. 1998); *Upper Valley Ass'n for Handicapped Citizens v. Mills*, 928 F. Supp. 429 (D.Vt. 1996). According to the Supreme Court, "[i]f the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

Uniquely, the *non*-moving party bears the burden of showing that an amendment should not be allowed under Rule 15(a)(2). *See Naylor*, 679 F. Supp. 2d at 700. An amendment may be denied if it would unfairly prejudice the non-moving party, but the prejudice must be substantial. *See id.* Delay alone is not a sufficient basis for denial. *See id.*

---

[1] The "lost investment experience" is the amount the customer's funds would have earned in another investment if such funds had been distributed in a timely manner. In this case, the amount would be calculated by looking at the performance of the funds on the Milliman platform in which Plaintiffs Walker and Bauer-Ramazani invested.

Plaintiffs submit that TIAA-CREF cannot meet its burden in this case. Certainly, there is no bad faith on Plaintiffs' part. Nor is TIAA-CREF unfairly prejudiced. The amendment is based on internal TIAA-CREF documents which Plaintiffs received long after filing the case. Although Plaintiffs are asserting an additional basis for TIAA-CREF's breach of fiduciary duty, merits discovery is at an early stage. Plaintiffs have not yet taken any depositions, and no trial date has been scheduled. The amendment would not require TIAA-CREF to undertake any significant additional discovery. Moreover, any claim of prejudice by TIAA-CREF is certainly outweighed by the harm Plaintiffs would suffer if the amendment were not permitted.

## Conclusion

Plaintiffs should be granted leave to file their Third Amended Complaint. The amendment is based on internal TIAA-CREF documents provided early in the merits discovery process and will not unfairly prejudice it.

Dated:    Burlington, Vermont
          November 29, 2011

/s/ Norman Williams
Norman Williams, Esq.
Robert B. Hemley, Esq.
Gravel and Shea PC
P. O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
nwilliams@gravelshea.com
rhemley@gravelshea.com

and

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Miami, FL  33134
tr@kttlaw.com

*Attorneys for Plaintiffs*