UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| CHRISTINE BAUER-RAMAZANI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA-COLLEGE RETIREMENT AND EQUITIES FUND, COLLEGE RETIREMENT AND EQUITIES FUND, TIAA-CREF INVESTMENT MANAGEMENT, LLC, TEACHERS ADVISORS, INC., and TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC, | : File No. 1:09-CV-190-jgm |
| | : |
| Defendants. | : |

MEMORANDUM AND ORDER
(Docs. 128, 131, 134)

I.  Introduction

Plaintiff Christine Bauer-Ramazani (Bauer-Ramazani) moves to file a third amended complaint.  (Doc. 128.)  Defendants College Retirement and Equities Fund, TIAA-CREF Individual & Institutional Services, LLC, TIAA-CREF Investment Management, LLC, Teachers Advisors, Inc., and Teachers Insurance and Annuity Association of America-College Retirement and Equities Fund (collectively, "Defendants" or "TIAA-CREF") filed a motion for summary judgment a week later.  (Doc. 131.)  Rather than oppose the summary judgment motion, Bauer-Ramazani filed a motion to "adjourn consideration" of the summary judgment motion pending a decision on the motion to amend.  (Doc. 134.)  Defendants oppose Bauer-Ramazani's motions to amend and to "adjourn consideration."  (Doc. 135.)

II.     Background

This proposed class action alleges Defendants engaged in prohibited transactions and wrongfully used customer funds in violation of their fiduciary duties by keeping these funds invested for purposes other than the customers' benefit after a transfer or redemption request. (Doc. 104 at ¶¶ 1, 38-48).  The proposed class seeks compensatory damages and equitable relief, including disgorgement.  Id. at 14.

In August 2009, Norman Walker commenced this proposed class action against Teachers Insurance and Annuity Association of America-College Retirement and Equities Fund (TIAA-CREF).  (Doc. 1.)  Walker, an Associate Professor of Business Administration at St. Michael's College ("St. Michael's"), was an account owner of a TIAA-CREF retirement account from 1995-2007, during the period the St. Michael's retirement plan placed retirement assets of plan participants with TIAA-CREF.  Id. at 2.  In 2006, St. Michael's, as administrator of the plan, directed TIAA-CREF to transfer plan participants' retirement accounts to another mutual fund platform.  TIAA-CREF refused, claiming the College had no authority to direct it to transfer the accounts because they were subject to individual contracts between TIAA-CREF and the participants.  The plan obtained individual signatures of over seven hundred College employees to authorize the transfer.  Id. at 3.  According to Walker, the accounts were to be transferred on May 1, 2007.  Walker alleged TIAA-CREF did not "cut a check" for his account until at least May 7, 2007, and the check represented the value of Walker's account as of May 1 though the account value had increased by several thousand dollars in the interim.  Id. at 4.  Walker alleged TIAA-CREF continued to invest his funds between May 1 and May 7 and retained all investment profits.

Walker filed a First Amended Complaint in January 2011. (Doc. 63.) Following the Court's allowance of Bauer-Ramazani's intervention as a named plaintiff in August, the Court ordered a Consolidated Second Amended Complaint be filed. See Docs. 101, 104. That complaint, filed September 2, 2011, added claims on behalf of Bauer-Ramazani, an instructor in the Applied Linguistics Department at St. Michael's, and an account owner of a TIAA-CREF retirement account from 1986-2007. (Doc. 104 at 3.) Bauer-Ramazani alleged the "TIAA-CREF check cut on May 21, 2007, represented only the value of her account as of May 1, 2007," though the value of her plan assets increased by more than $2,000 between May 1 and May 21. Id. at 5.

At a September 19, 2011 status conference and hearing on other pending motions, the Court, inter alia, denied Walker's motion for class certification (Doc. 55), granted summary judgment (Doc. 61) in favor of Defendants on Walker's claims, denied as moot Walker's Rule 56(d) motion for denial of summary judgment (Doc. 69), and ordered Bauer-Ramazani to file a motion for class certification. Walker's claims were dismissed because Defendants demonstrated he received what the prospectus governing his accounts required: payment within seven days from the business day chosen for his transfer to take effect. See Doc. 61-4 at 51, 62. The Court also ordered the parties to consult in good faith and submit a stipulated discovery schedule. See Dkt. Entry No. 108 (text only order). To date, the parties have not submitted a discovery schedule.

Bauer-Ramazani filed an amended motion for class certification on September 27, 2011. (Doc. 110). In mid-November, Defendants opposed the motion, showing they received Bauer-Ramazani's transfer paperwork on May 17, so she fell outside the class she purported to represent of account holders whose transfers were not made by TIAA-CREF within seven days of

receiving a request and the necessary paperwork. (Doc. 125 at 3-4.) Instead of replying, on December 2, 2011, Bauer-Ramazani filed a "Notice of Withdrawal of Class Certification Motion" (Doc. 127) and a motion to file a third amended complaint (Doc. 128).

III.    Discussion

Bauer-Ramazani moves to file a third amended complaint to: (1) delete certain factual allegations which "appear to be incorrect" concerning the date St. Michael's College sent her transfer authorization to Defendants; (2) add a claim for breach of fiduciary duty based on disparate treatment of account holders with respect to delayed payment interest; and (3) add Teachers' Insurance and Annuity Association of America as a party. (Doc. 128.) Bauer-Ramazani asserts Defendants will not be unfairly prejudiced by the amendment. (Doc. 129 at 3.) Defendants argue their motion for summary judgment (Doc. 131) should be decided first and, in any event, the proposed third amended complaint is futile. (Doc. 135 at 1-2.)

As an initial matter, the Court notes the motion to amend the complaint was filed a week prior to the motion for summary judgment and is fully briefed. Federal Rule of Civil Procedure 15 allows a party to amend its pleading with the court's leave and states the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2).

Defendants argue Walker and Bauer-Ramazani are similarly situated. (Doc. 135 at 1, 7-9.) Walker's paperwork was received by Defendants on April 27, the amount of his accounts valued as of May 1, the agreed upon date, and his money transferred on May 7. (Docs. 135 at 3; 138 at 5 n.6.) Bauer-Ramazani's paperwork was received by Defendants on May 17, the amount of her accounts valued as of May 1, and her money transferred on May 21. (Docs. 135 at 4;

138 at 5.)  The prospectus states transfers "are effective at the end of the business day we receive your request and all required documentation." (Doc. 61-4 at 51.)  The prospectus, however, also allows a client to "choose to have [a] transfer[] . . . take effect at the end of any future business day."  Id.  While May 1 is a "future business day" from April 27, it is not a "future business day" from May 17.  Accordingly, it appears to the Court that Walker and Bauer-Ramazani are not similarly situated.  Bauer-Ramazani's motion to file a third amended complaint is granted.  Bauer-Ramazani shall file a Third Amended Complaint, without the previously dismissed state law claims and Walker's claims, on or before June 8, 2012.

The Court is cognizant of the filing of another motion to intervene (Doc. 140) as well as a motion to reconsider the grant of summary judgment to Defendants on Walker's claims (Doc. 139).  The Court may order the filing of a consolidated complaint, if appropriate, following resolution of those additional pending motions.

In light of the grant of Bauer-Ramazani's motion to amend the complaint, Defendants' motion for summary judgment (Doc. 131) is denied without prejudice to renew with regard to the third amended complaint.  Bauer-Ramazani's motion to adjourn consideration of the motion for summary judgment (Doc. 134) is denied as moot.

IV.     Conclusion

Bauer-Ramazani's motion to file a third amended complaint (Doc. 128) is GRANTED.  Bauer-Ramazani shall file a Third Amended Complaint, without the previously dismissed state law claims and Walker's claims, <u>on or before June 8, 2012</u>.  Defendants' motion for summary judgment (Doc. 131) is DENIED without prejudice to renew with regard to a third amended complaint.  Bauer-Ramazani's motion to adjourn consideration of the motion for summary

judgment (Doc. 134) is DENIED as moot.  The parties are reminded to submit a discovery schedule <u>on or before June 8, 2012</u>.

       SO ORDERED.

       Dated at Brattleboro, in the District of Vermont, this 25th day of May, 2012.

                                    /s/ J. Garvan Murtha
                                    Honorable J. Garvan Murtha
                                    United States District Judge