UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| NORMAN WALKER and CHRISTINE BAUER-RAMAZANI, on behalf of themselves and all others similarly situated,<br>　　　　　　Plaintiffs<br><br>　　　v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TEACHERS' INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), and TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC,<br>　　　　　　Defendants | Docket No. 1:09-CV-190 |

THIRD AMENDED COMPLAINT

Nature of Action

1.　　This is a class action for equitable relief and damages based on Defendants' wrongful use of customer funds after they asked that such funds be returned or transferred. Defendants compounded their wrongful conduct by compensating some customers but not others for such use and by doing so on different bases. Defendants' actions violate their fiduciary duties and constitute prohibited transactions under the Employee Retirement Income Security Act of 1974 (ERISA). On behalf of themselves and all others similarly situated, Plaintiffs seek

equitable and legal relief under sections 502(a)(2) and 502(a)(3) of ERISA, together with statutory attorney's fees.

## Jurisdiction and Venue

2. Federal jurisdiction over Plaintiffs' ERISA claims is available under 28 U.S.C. § 1331, because the claims arise under the laws of the United States.

3. Venue is proper in the District of Vermont under 28 U.S.C. § 1391(a)(1), since one or more Defendants are corporations subject to personal jurisdiction in this state and therefore residents for purposes of venue. Venue is also proper under 28 U.S.C. § 1391(a)(2), since a substantial part of the events giving rise to Plaintiffs' claims occurred here.

## Parties

4. Plaintiff Norman Walker is an Associate Professor of Business Administration at St. Michael's College and a resident of Charlotte, Vermont. Professor Walker was the account owner of a TIAA-CREF retirement account from 1995 to 2007. Amounts in Prof. Walker's accounts were plan assets of the St. Michael's College Retirement Plan, a defined contribution plan under ERISA.

5. Plaintiff Christine Bauer-Ramazani is an instructor at St. Michael's College in the Applied Linguistics Department. She is a resident of Williston, Vermont. Ms. Bauer-Ramazani was the account owner of a TIAA-CREF retirement account at St. Michael's College from 1986 to 2007. Amounts in Ms. Bauer-Ramazani's accounts were plan assets of the St. Michael's College Retirement Plan, a defined contribution plan under ERISA.

6. Defendant TIAA-CREF is a group of closely-related and affiliated companies and subsidiaries, including each of the Defendants in this action. TIAA-CREF's main offices and


gravel &
shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 2 -

"nerve center" are located in New York, New York. According to its website, TIAA-CREF has more than $400 billion under management and holds more than 3.2 million individual accounts. As used in this Complaint, the terms "TIAA-CREF," "Defendant," and "Defendant TIAA-CREF" refer to each of the companies which comprise the TIAA-CREF group, including the companies specifically named as Defendants.

7. The entities which comprise TIAA-CREF share corporate governance. In many cases, they provide services to one another at cost and share employees. Moreover, TIAA-CREF markets itself to the investing public as a single entity. For all of these reasons, TIAA-CREF should be considered a single entity to the extent necessary to achieve the ends of justice.

8. Defendant College Retirement and Equities Fund ("CREF") is a New York non-profit membership corporation. Defendant CREF offers at least eight fund choices to investors, including a stock fund, global equities fund, growth fund, equity index fund, social choice fund, bond market fund, inflation-linked bond fund, and money market fund. Both Plaintiff Walker and Plaintiff Bauer-Ramazani had retirement funds invested in CREF accounts.

9. Defendant Teachers' Insurance and Annuity Association of America ("TIAA") is a stock life insurance company domiciled in New York. Defendant TIAA offers a real estate fund to investors. Plaintiff Bauer-Ramazani had a portion of her retirement funds invested in TIAA's real estate fund.

10. Defendant TIAA-CREF Investment Management, LLC ("TCIM"), a Delaware limited liability company, and Defendant Teachers Advisors, Inc. ("TAI"), a Delaware business corporation, provide investment advice and management services to CREF funds.

11. Defendant TIAA-CREF Individual & Institutional Services, LLC, a Delaware limited liability company and a wholly-owned subsidiary of TIAA, holds the "gain" and "loss"

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 3 -

accounts to which investment earnings or losses on customer funds used by TIAA-CREF after a redemption or transfer request is received are credited or charged.

### Facts

12. The St. Michael's College ("College") retirement plan ("Plan") is a defined contribution plan consisting of a Salary Deferral Arrangement under Section 403(b) of the Internal Revenue Code and a Money Purchase Plan under Section 401(a) of the Internal Revenue Code (since converted to a profit-sharing plan under Section 401(k) of the Internal Revenue Code).

13. Beginning in 1993, the College moved retirement assets of Plan participants which had been invested with various mutual funds, insurance companies, and banks to TIAA-CREF.

14. In 2006, the College, as administrator of the Plan, concluded that the funds offered by TIAA-CREF were not performing satisfactorily. It directed Defendant TIAA-CREF to transfer retirement accounts belonging to Plan participants to Milliman USA, another mutual fund "platform" (i.e., a company offering investments in various mutual funds).

15. TIAA-CREF refused to do so, claiming that the College had no authority to direct it to transfer such accounts. According to Defendant, all TIAA-CREF accounts held by participants in the Plan were based on individual contracts between TIAA-CREF and the participants themselves.

16. Based on Defendant's position, the Plan was forced to obtain individual signatures to the multiple forms required by TIAA-CREF in order to transfer or withdraw accounts.


gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

17. Eventually, the Plan gathered and submitted to TIAA-CREF the required signatures to transfer the retirement accounts of approximately 755 College employees, with assets of more than $36 million, from TIAA-CREF to Milliman USA.

18. TIAA-CREF informed the College that the accounts, including the Plaintiffs' accounts, would be valued on May 1, 2007. TIAA-CREF did not cut or send out any checks for St. Michael's College plan participants on May 1, 2007, however. Rather, it treated May 1, 2007, as the "good order date," or "effective date," for all St. Michael's College accounts. TIAA-CREF cut and sent out the checks to Milliman USA over the course of the following four weeks.

19. For example, TIAA-CREF did not cut a check for Prof. Walker's account until May 7, 2007. It did not cut a check for Prof. Bauer-Ramazani's account until May 21, 2007. However, the checks which TIAA-CREF cut for Prof. Walker and for Prof. Bauer-Ramazani both represented the value of their accounts as of May 1, 2007.

20. During the week between May 1 and May 7, 2007, the funds in Prof. Walker's account remained invested and the value of his account increased by thousands of dollars. The TIAA-CREF check cut on May 7, 2007, represented only the value of Prof. Walker's account as of May 1, 2007, however.

21. During the period between May 1 and May 21, 2007, the funds in Prof. Bauer-Ramazani's account remained invested and its value also increased by thousands of dollars. The TIAA-CREF check cut on May 21, 2007, represented only the value of her account as of May 1, 2007, however.

22. Neither the St. Michael's College Plan, on behalf of Prof. Walker or Prof. Bauer-Ramazani, nor Prof. Walker or Prof. Bauer-Ramazani themselves, ever agreed to allow TIAA-


gravel & shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 5 -

CREF to invest their retirement funds for purposes other than their own benefit, nor did TIAA-CREF ever disclose that it had any policy, practice, or intention of doing so. Plaintiff Walker discovered the discrepancy between the amount which was transferred and the value of his account on the actual day of transfer only because he happened to check his account on-line after May 1, 2007. The discrepancy in Prof. Bauer-Ramazani's account was determined by comparing the value of the funds held by Prof. Bauer-Ramazani on May 21, 2007 with their value on May 1, 2007.

23. Plaintiffs' rights with respect to their retirement funds are governed by the St. Michael's College Plan Documents, ERISA and common law. The St. Michael's College Plan Documents neither state nor suggest that TIAA-CREF may use or retain investment earnings on funds from a retirement account after the good order date, or that it may invest or keep such funds invested for any purpose other than the account holder's benefit. On information and belief, there is no ERISA plan holding TIAA-CREF investments whose plan documents so provide. Even if there were such a plan, moreover, such use is prohibited by ERISA and common law.

24. At least from 2004 to 2008, TIAA-CREF had a widespread practice of investing or keeping invested funds in customer accounts for periods up to four weeks or more after the good order date. Investment earnings on such funds were not paid to the account holder but were used by TIAA-CREF for its own purposes, including to satisfy its legal obligations to other customers. Amounts not used to satisfy such obligations were used to pay TIAA-CREF's administrative expenses, including salaries and investment advisory fees unrelated to the redeeming customer's account.


gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 6 -

25. Recognizing that its use of customer funds raised serious legal concerns, TIAA-CREF instituted a compensation program known as "Delayed Payment Interest" or "DPI" in 2005 or earlier. TIAA-CREF did not disclose its DPI program to customers, either in its prospectus or in connection with the payment itself. Those customers who asked about such payments were given scripted answers which were false or misleading.

26. The DPI program was not administered in a uniform manner. Although most or all TIAA-CREF customers (including Plaintiff Bauer-Ramazani) who suffered delays of more than seven days received some interest payment, certain customers (including the plaintiff in the related case of *Rink v. CREF,* No. 07-CI-10761 (Ky. Cir. Filed Oct. 29, 2007)) were instead offered their "lost investment experience," on an *ad hoc* basis. In addition, some customers who suffered delays of seven days or less were paid DPI, while others (including Plaintiff Walker) were denied compensation.

Class Action Allegations

27. Plaintiffs bring this action on behalf of themselves and as a class action under F.R.Civ.P. 23(a) and 23(b)(1) and (b)(3) on behalf of all members of the following Class:

> All persons, including all "persons" as defined by 29 U.S.C. § 1002(9), who owned mutual fund or money market accounts covered by ERISA which TIAA-CREF invested, kept invested, benefitted from, or otherwise used for purposes other than the benefit of the account holder after the "Effective Date," as defined by the fund prospectus.

28. The Class described in paragraph 27 above includes two subclasses. Subclass A consists of those whose accounts were subject to ERISA and which TIAA-CREF invested, kept invested, benefitted from, or otherwise used for purposes other than the benefit of the account holder for more than seven days after the Effective Date. Subclass B consists of those whose accounts were subject to ERISA and which TIAA-CREF invested, kept invested, benefitted



gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 7 -

from, or otherwise used for purposes other than the benefit of the account holder for more than three days after the Effective Date, and who were not paid their lost investment experience as a result of the delay. Plaintiff Bauer-Ramazani is a member of the Class and of both Subclass A and Subclass B. Plaintiff Walker is a member of Subclass B only.

28. Under section 413(2) of ERISA, 29 U.S.C. § 1113(2), the Class Period with respect to Subclass A and Subclass B begins on the date TIAA-CREF initiated the practices complained of in this action, since TIAA-CREF concealed such practices from class members. In the event no fraud or concealment is found, the Class Period begins on August 17, 2003, six years before the action was filed.

29. Plaintiffs do not know the exact number of Class Members, Subclass A Members, or Subclass B Members because such information is in the exclusive control of the Defendants. Based on the information provided by Defendants to date, Plaintiffs believe there are at least 560,000 members of the Class as a whole. The exact number of class members and their identities is known or may be ascertained by Defendants.

30. The Class and Subclasses A and B are so numerous that joinder of all Members is impracticable.

31. There are questions of law and fact common to Subclasses A and B, including:

    a) Whether TIAA-CREF has or had a practice of retaining and investing customer funds for purposes other than the customer's benefit, after receiving a request for withdrawal or transfer;

    b) When TIAA-CREF's practice began and what its exact nature was;

    c) Whether TIAA-CREF's actions violated the fiduciary duty and prohibited transaction provisions of ERISA;

gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 8 -

d) Whether TIAA-CREF concealed its practices from Plaintiffs and other Class Members, thereby extending the statute of limitations under ERISA;

e) Whether TIAA-CREF is liable to Plaintiffs and other Class Members for compensatory damages and, if so, in what amount;

f) Whether TIAA-CREF is liable to Plaintiffs and other Class Members for disgorgement or other equitable remedies and, if so, in what amount;

g) Whether TIAA-CREF is liable to the St. Michael's College Plan in which Plaintiffs are participants, and to other ERISA plans in which Class Members are participants or beneficiaries and, if so, in what amount; and

h) Whether TIAA-CREF is liable to Plaintiffs and other Class Members for reasonable attorney's fees.

32. Plaintiff-Bauer Ramazani is a member of the Class and of Subclasses A and B. Her claims are typical of the claims of the Class and Subclass Members, and she will fairly and adequately protect their interests. Plaintiff-Bauer Ramazani closed her TIAA-CREF accounts, and the value of her accounts on the date of transfer was greater than the amount TIAA-CREF transferred on her behalf. Although Plaintiff-Bauer Ramazani did receive a small amount of compensation for TIAA-CREF's delay, she did not receive her lost investment experience as some other TIAA-CREF account holders did. Plaintiff-Bauer Ramazani's interests are coincident with, and not antagonistic to, those of the other members of the Class and Subclasses.

33. Plaintiff Walker is a member of the Class and Subclass B. His claims are typical of the Class and Subclass B Members, and he will fairly and adequately protect their interests. Plaintiff Walker closed his TIAA-CREF accounts, and the value of his accounts on the date of transfer was greater than the amount TIAA-CREF transferred on his behalf. Plaintiff Walker


gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

was refused any compensation for the delay in payment. Plaintiff Walker's interests are coincident with, and not antagonistic to, those of other members of the Class and Subclass B.

34.   Plaintiffs are represented by counsel who is competent and experienced in handling ERISA, common law, consumer fraud, and class action litigation.

35.   The prosecution of separate actions by individual members of the Class or Subclass would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendants.

36.   The prosecution of separate actions by individual members of the Class or Subclass would create a risk that adjudications with respect to individual members would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests.

37.   The questions of law and fact common to the members of the Class and Subclasses predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

38.   A class action is superior to other methods for the fair and efficient adjudication of this controversy. The Class and each Subclass is readily definable and is one for which records should exist. Prosecution of class member claims as a class action will eliminate the possibility of repetitious litigation. Treatment of the controversy as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. This class action presents no difficulties in management that would preclude maintenance as a class action.



- 10 -

## COUNT I

### ERISA Breach of Fiduciary Duty of Loyalty
(Claim by Subclass A Only)

39. By investing or keeping invested funds in Plaintiffs' retirement accounts for purposes other than Plaintiffs' benefit after the Effective Date, TIAA-CREF exercised authority or control respecting the management or disposition of such accounts and must be deemed a fiduciary under section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

40. An ERISA fiduciary is obligated to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries" under section 404(a) of ERISA, 29 U.S.C. § 1104(a).

41. By investing or keeping invested retirement funds belonging to Plaintiff Bauer-Ramazani and others similarly situated for purposes other than their benefit for more than seven days afer the Effective Date, TIAA-CREF was not acting solely in the interest of Plaintiff Bauer-Ramazani or for the exclusive purpose of providing benefits to her or her plan, as ERISA requires.

42. TIAA-CREF is liable to the ERISA Plans in which Plaintiff Bauer-Ramazani and other members of Subclass A were participants or beneficiaries for the value of the use of the plan assets in their retirement accounts, and for the disgorgement of any investment profits made through the use of such funds, under sections 409, 502(a)(2) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1109(a); 1132(a)(2); 1132(a)(3).

43. TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.


gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 11 -

## COUNT II

### ERISA Breach of Fiduciary Duty of Impartiality
(Claim By Subclasses A and B)

44. By investing or keeping invested funds in Plaintiffs' retirement accounts for purposes other than Plaintiffs' benefit after the Effective Date, TIAA-CREF exercised authority or control respecting the management or disposition of such accounts and must be deemed a fiduciary under section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

45. Under section 404(a) of ERISA, 29 U.S.C. § 1104(a), a fiduciary is required to act impartially with respect to plan participants and their beneficiaries.

46. By compensating certain customers but not others whose funds remained invested for more than three days after the Effective Date for their lost investment experience, TIAA-CREF violated its fiduciary duty of impartial treatment under section 404 of ERISA.

47. By compensating certain customers whose redemption or transfer payments were delayed three days or more but not others, TIAA-CREF violated its fiduciary duty of impartial treatment under section 404 of ERISA.

48. TIAA-CREF is liable to the ERISA plans in which Plaintiffs and other members of Subclass A and Subclass B were participants or beneficiaries for the difference between the DPI which it paid and the lost investment experience such participants and beneficiaries actually suffered.

49. TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.


gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 12 -

## COUNT III

### ERISA Prohibited Transactions
(Claim by Subclass A Only)

50. TIAA-CREF, and each of the Defendant entities of which it is comprised, are "parties in interest" under section 3(14)(a) of ERISA, 29 U.S.C. § 1002(14)(A).

51. Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D), prohibits the "use by or for the benefit of a party in interest of any assets of the plan." Such use is barred categorically and is a *per se* violation of ERISA.

52. All amounts in the retirement account of Plaintiffs and other members of Subclass A were "assets of the plan" within the meaning of section 401(a)(1)(D). TIAA-CREF's investment of such assets for more than seven days following the Effective Date for any purpose other than the benefit of the account holder violates section 406 of ERISA, 29 U.S.C. § 1106.

53. TIAA-CREF is liable to Plaintiffs and other members of Subclass A under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), for disgorgement of all amounts which it earned on their accounts following a request for redemption or transfer, as well as other appropriate equitable relief.

54. TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.

### Relief

On behalf of themselves and all others similarly situated, Plaintiffs request the following relief:



(a) Compensatory damages and appropriate equitable relief, including disgorgement, for TIAA-CREF's breach of its fiduciary duties under sections 502(a)(2) and 502(a)(3) of ERISA and common law;

(b) Equitable relief, including disgorgement of investment profits, under section 502(a)(3) of ERISA, for engaging in prohibited transactions involving plan assets under section 406(a) of ERISA;

(c) Reasonable attorney's fees and the costs of this action, as authorized by ERISA.

## JURY DEMAND

**Plaintiffs demand a trial by jury on all issues so triable.**

Dated:     Burlington, Vermont
           June 8, 2012

/s/ Norman Williams
Norman Williams, Esq.
Robert B. Hemley, Esq.
Gravel & Shea PC
P. O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
nwilliams@gravelshea.com
rhemley@gravelshea.com

and

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Miami, FL  33134
tr@kttlaw.com

*Attorneys for Plaintiffs*

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| NORMAN WALKER and CHRISTINE BAUER-RAMAZANI, on behalf of themselves and all others similarly situated,<br>    Plaintiffs<br><br>        v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TEACHERS' INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), and TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC,<br>    Defendants | Docket No. 1:09-CV-190 |

CERTIFICATE OF SERVICE

I, Norman Williams, Esq., attorney for Plaintiffs, certify that on June 8, 2012, I served Plaintiffs' Third Amended Complaint, together with the red-lined version, on the counsel of record, as follows:

*First-Class Mail, Postage Prepaid*

Christopher D. Catalano, Esq.
Robert N. Eccles, Esq.
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, DC 20006

Elizabeth R. Wohl, Esq.
R. Bradford Fawley, Esq.
Downs Rachlin Martin PLLC
P.O. Box 9
Brattleboro, VT 05302-0009

- 2 -

Jennifer E. McDonald, Esq.
Robert B. Luce, Esq.
Downs Rachlin Martin PLLC
P.O. Box 190
Burlington, VT 05402-0190

Dated:    Burlington, Vermont
          June 8, 2012

*Norman Williams*

Norman Williams, Esq.
Gravel and Shea PC
P.O. Box 369
Burlington, VT 05402-0369
(802) 658-0220
nwilliams@gravelshea.com
For Plaintiffs

<479189v8/KAH>

gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 2 -