UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| CHRISTINE BAUER-RAMAZANI, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA-COLLEGE RETIREMENT AND EQUITIES FUND, COLLEGE RETIREMENT AND EQUITIES FUND, TIAA-CREF INVESTMENT MANAGEMENT, LLC, TEACHERS ADVISORS, INC., TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC, and TEACHERS' INSURANCE AND ANNUITY ASSOCIATION OF AMERICA,<br><br>    Defendants. | Case No. 1:09-cv-190-jgm |

MEMORANDUM AND ORDER
(Doc. 139)

I.    Introduction

    Norman Walker moves the Court for reconsideration of its September 19, 2011 ruling granting Defendants' Motion for Summary Judgment resulting in dismissal of Walker's claims. (Doc. 139.) Defendants Teachers Insurance and Annuity Association of America-College Retirement and Equities Fund, College Retirement and Equities Fund, TIAA-CREF Individual & Institutional Services, LLC, TIAA-CREF Investment Management, LLC, Teachers Advisors, Inc., and Teachers' Insurance and Annuity Association of America (collectively, "Defendants" or "TIAA-CREF") oppose the motion. (Doc. 154.)

II.   Background

This proposed class action alleges Defendants engaged in prohibited transactions and wrongfully used customer funds in violation of their fiduciary duties by keeping these funds invested for purposes other than the customers' benefit after a transfer or redemption request and subsequently compensating some, but not all, customers for delayed payment. (Doc. 148 ¶¶ 1, 39-54). The proposed class seeks compensatory damages and equitable relief, including disgorgement. Id. at 13-14.

In August 2009, Norman Walker commenced this proposed class action against Teachers Insurance and Annuity Association of America-College Retirement and Equities Fund (TIAA-CREF). (Doc. 1.) Walker, an Associate Professor of Business Administration at St. Michael's College ("St. Michael's"), was an account owner of a TIAA-CREF retirement account from 1995-2007, during the period the St. Michael's retirement plan placed retirement assets of plan participants with TIAA-CREF. Id. at 2. In 2006, St. Michael's, as administrator of the plan, directed TIAA-CREF to transfer plan participants' retirement accounts to another mutual fund platform. TIAA-CREF refused, claiming the College had no authority to direct it to transfer the accounts because they were subject to individual contracts between TIAA-CREF and the participants. The plan obtained individual signatures of over seven hundred College employees to authorize the transfer. Id. at 3. According to Walker, the accounts were to be transferred on May 1, 2007. Walker alleged TIAA-CREF did not "cut a check" for his account until at least May 7, 2007, and the check represented the value of Walker's account as of May 1 though the account value had increased by several thousand dollars in the interim. Id. at 4. Walker alleged

TIAA-CREF continued to invest his funds between May 1 and May 7 and retained all investment profits.

Walker filed a First Amended Complaint in January 2011. (Doc. 63.) Following the Court's allowance of Christine Bauer-Ramazani's intervention as a named plaintiff in August, the Court ordered a Consolidated Second Amended Complaint be filed. See Docs. 101, 104. That complaint, filed September 2, 2011, added claims on behalf of Bauer-Ramazani, an instructor in the Applied Linguistics Department at St. Michael's, and an account owner of a TIAA-CREF retirement account from 1986-2007. (Doc. 104 at 3.) Bauer-Ramazani alleged the "TIAA-CREF check cut on May 21, 2007, represented only the value of her account as of May 1, 2007," though the value of her plan assets increased by more than $2,000 between May 1 and May 21. Id. at 5.

At a September 19, 2011 status conference and hearing on other pending motions, the Court, inter alia, denied Walker's motion for class certification (Doc. 55), granted summary judgment (Doc. 61) in favor of Defendants on Walker's claims, denied as moot Walker's Rule 56(d) motion for denial of summary judgment (Doc. 69), and ordered Bauer-Ramazani to file a motion for class certification. Walker's claims were dismissed because Defendants demonstrated he received what the prospectus governing his accounts required: payment within seven days from the business day chosen for his transfer to take effect. See Doc. 61-4 at 51, 62.

Bauer-Ramazani filed an amended motion for class certification on September 27, 2011. (Doc. 110). In mid-November, Defendants opposed the motion, showing they received Bauer-Ramazani's transfer paperwork on May 17, so she fell outside the class she purported to

3

represent of account holders whose transfers were not made by TIAA-CREF within seven days of receiving a request and the necessary paperwork. (Doc. 125 at 3-4.) Instead of replying, on December 2, 2011, Bauer-Ramazani filed a "Notice of Withdrawal of Class Certification Motion" (Doc. 127) and a motion to file a third amended complaint (Doc. 128). Defendants filed a motion for summary judgment a week later. (Doc. 131.) Bauer-Ramazani then filed a motion to "adjourn consideration" of the summary judgment motion pending a decision on the motion to amend. (Doc. 134.)[1] On May 25, 2012, the Court granted the motion to amend the complaint, denied the motion for summary judgment, and denied as moot the motion to adjourn consideration of the summary judgment motion. (Doc. 146.) The summary judgment motion was denied without prejudice to renew with regard to the third amended complaint; the Court noted, however, that Walker and Bauer-Ramazani are not similarly situated. (Doc. 146 at 5.)

The Third Amended Complaint was filed June 8, 2012. (Doc. 148.) The complaint names Norman Walker as a plaintiff and putative class representative despite the Court's explicit instruction it was to be filed without Walker as a plaintiff as his claims had been dismissed. (Doc. 146 at 5.) The operative complaint alleges Defendants engaged in prohibited transactions, wrongfully used customer funds in violation of their fiduciary duty of loyalty by keeping these funds invested for purposes other than the customers' benefit after a transfer or redemption request, and wrongfully compensating certain customers for delayed payments in violation of

---

[1] While these motions were pending, on May 10, 2012, Walker filed the instant motion for reconsideration (Doc. 139), and Carolyn Duffy and Sarah Cummings, also St. Michael's professors, moved to intervene (Doc. 140). On June 18, 2012, Duffy also filed a Motion to Certify Sub-Class A (Doc. 150). Currently, no motion to certify a class is pending.

their fiduciary duty of impartiality. (Doc. 148 ¶¶ 1, 39-54). The proposed class seeks compensatory damages and equitable relief, including disgorgement. Id. at 13-14.

III.     Discussion

In support of his motion, Walker argues the Court should grant reconsideration of its summary judgment ruling under Federal Rule of Civil Procedure 54(b)[2] because evidence obtained since the Court's ruling indicates the ruling was based on an incorrect factual premise. (Doc. 139-1 at 1.) The Court's ruling was made in September 2011. Walker's motion for reconsideration was filed in May 2012. The Court's local rules require a reconsideration motion, other than one governed by Federal Rules of Civil Procedure 59 or 60, to be filed within fourteen days of the date of the order. D. Vt. L.R. 7(c). Walker states he did not discover the new evidence until January 2012, well after the summary judgment ruling and fourteen day limit. Walker does not, however, explain why he waited over four months from his discovery of the evidence to file his reconsideration motion. Given that this case was originally filed three years ago last month, the Court is puzzled by Walker's lack of diligence with regard to this matter.

Defendants argue against granting reconsideration because the motion is untimely and in the alternative, if the motion is granted, argue the "new" evidence does not affect the summary judgment ruling. (Doc. 154 at 1.)

The standard for granting a motion to reconsider is strict, and reconsideration is generally denied unless the moving party points to controlling decisions or data that the court overlooked:

---

[2] Federal Rule of Civil Procedure 54(b) provides, in pertinent part: "[A]ny order or other decision [] that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

5

"matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). If the moving party is seeking solely to relitigate an issue already decided, the court should deny the motion for reconsideration and adhere to its prior decision. Id.

Walker's new evidence is an email chain between a St. Michael's employee and a TIAA-CREF employee concerning the receipt of the St. Michael's plan participants' transfer paperwork. (Doc. 138-2.) The email states that two boxes of transfer forms were received by the TIAA-CREF employee on Friday April 27, 2007. Id. at 2. Walker argues the email demonstrates the "effective date" for his transfer was April 27, not May 1, and therefore his transfer should have been complete by May 4 to comply with the prospectus. (Doc. 139-1 at 4.) He also points to Defendants' statement at the motion hearing that the "effective date" for a transfer is the date "all the paperwork, all the documentation, is submitted." (Doc. 139-2 at 3.)

The date the paperwork is received, however, is not the only possible date on which a transfer could take effect. As the Court noted in deciding Defendants' motion for summary judgment regarding Bauer-Ramazani's claims:

> The prospectus states transfers "are effective at the end of the business day we receive your request and all required documentation." (Doc. 61-4 at 51.) The prospectus, however, also allows a client to "choose to have [a] transfer[] . . . take effect at the end of any future business day." Id.

(Doc. 146 at 5.) TIAA-CREF is then required to complete the transfer within seven days of the date the transfer takes effect, either by receipt of "all required documentation" or the choice of a "future business day." See Doc. 61-4 at 51, 62.

6

Walker has stated multiple times that May 1 was the agreed upon date for transfer.[3] In his original complaint, filed in August 2009, in which he was the sole plaintiff and Teachers Insurance and Annuity Association of America-College Retirement and Equities Fund the only defendant, he alleged: "The parties agreed that the accounts, including the Plaintiff's account, would be transferred on May 1, 2007. All forms necessary for the transfer were provided to Defendant prior to that date." (Doc. 1 ¶ 12.) In his First Amended Complaint, filed in January 2010, he alleged: "The College and TIAA-CREF agreed that the accounts, including the Plaintiffs' account, would be transferred on May 1, 2007. All forms necessary for the transfer were provided to TIAA-CREF on or prior to that date." (Doc. 63 ¶ 16.) And, in the context of the summary judgment motion upon which he seeks reconsideration, he admitted the fact: "The effective date of plaintiffs' CREF account transfer request was May 1, 2007." Compare Doc. 61-2 ¶ 5 (Defendants' Statement of Undisputed Material Facts) with Doc. 70 ¶ 5 (Plaintiff's Statement of Disputed Facts). The first line of his opposition to Defendants' summary judgment motion was: "TIAA-CREF agreed to transfer Plaintiff Norman Walker's pension funds to another company on May 1, 2007." (Doc. 71 at 1.)

Walker seeks now to argue that because the paperwork may have been received on April 27, that is the date from which Defendants had seven days, under the prospectus terms, to transfer his account. He overlooks, however, the prospectus term allowing for the choice of a future business day for a transfer to take effect. He asserted multiple times to this Court that

---

[3] Walker argues TIAA-CREF knows its assertion that Walker admitted the parties agreed to treat May 1 as the effective date is untrue because of Walker's responses at his December 22, 2010 deposition. (Doc. 167 at 3.) In February 2011, however, Walker admitted the effective date of the transfer request was May 1. Compare Doc. 61-2 ¶ 5 with Doc. 70 ¶ 5.

May 1 was the chosen day and the forms were provided to Defendants prior to that date. The "new" evidence that his transfer paperwork was received on April 27 does not alter the Court's conclusion because the paperwork would have to be received in advance of the chosen future date for the transfer to take effect and thereby begin the seven day period for transfer. While the Court stated at the September 2011 motion hearing "payments were made within seven calendar days after [TIAA-CREF] received the information," (Doc. 143 at 23:23-24), payment within seven days of the agreed upon date of May 1, regardless of the earlier date of receipt, is consistent with the terms of the prospectus.

Accordingly, the Court finds the email purporting to demonstrate that Walker's forms were received by TIAA-CREF on April 27 does not alter the Court's conclusion regarding the summary judgment ruling. The Court grants the motion for reconsideration and affirms the grant of summary judgment in Defendants' favor on Walker's claims.

IV.   Conclusion

Walker's motion for reconsideration (Doc. 139) is GRANTED. For the reasons stated above, the Court affirms its ruling granting Defendants' motion for summary judgment. At this stage in this three-year-old litigation, the Court is concerned about the lack of progress and strongly encourages Plaintiff's counsel to move forward with the pending claims of Bauer-Ramazani and the class she purports to represent.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 7th day of September, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge