UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| NORMAN WALKER and CHRISTINE BAUER-RAMAZANI on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA - COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), AND TIAA-CREF INDIVIDUAL AND INSTITUTIONAL SERVICES, LLC,<br><br>　　　　　　Defendants. | Docket No. 1:09-cv-190 |

**DEFENDANTS' OPPOSITION TO NORMAN WALKER'S
MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(b)**

**INTRODUCTION**

Unable to assert a viable claim despite three years of effort, Norman Walker seeks entry of final judgment under Rule 54(b) so that he can obtain appellate review of his dismissed claims while the rest of the case continues. (ECF No. 194, Motion for Entry of Final Judgment under Rule 54(b) ("Motion").) To this end, Walker describes the claims remaining in this case as different in some material way from his own. (*Id.* at 1-2.) Walker cannot credibly do so, because his attorneys previously—and correctly—described Christine Bauer-Ramazani's claims as "virtually identical" to his own. (ECF No. 68 at 1.) Walker's Motion does not even mention Carolyn Duffy, who successfully intervened in this case so that she could assert legal claims that Walker's attorneys also had described as "virtually identical" to his and Bauer-Ramazani's claims. (ECF No. 140 at 1.) And Walker's attorneys have asserted that the factual differences between his claims and those of Bauer-Ramazani and Duffy are "slight." (ECF No. 68 at 1; ECF No. 140 at 1.)

These concessions confirm that entry of a Rule 54(b) judgment is not warranted. That rule gives the court discretion to enter final judgment as to fewer than all claims or parties where the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Courts therefore deny Rule 54(b) motions where, as here, the remaining claims are closely related to the claims on which final judgment is sought such that early review would cause repetitive appeals, and the equities do not warrant early appellate review for less than the entire case. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980). Early review of Walker's claims is not appropriate because his claims are similar to those of Bauer-Ramazani and Duffy, the two remaining plaintiffs. Like Walker, those plaintiffs assert that as a matter of law, TIAA-CREF owes them the investment gains revealed by hindsight between the effective date of a

withdrawal request and the payment date. Regardless of whether Bauer-Ramazani and Duffy win or lose this case, these similarities to Walker's claims mean that entering judgment on his claims now will require the Second Circuit to review substantially similar claims twice—once now, and again at the conclusion of the remaining claims in the case. Furthermore, Walker can claim no prejudice in being required to wait until the remaining parties' claims are litigated before he seeks appellate review. Walker's Motion should be denied.

## ARGUMENT

The "normal federal practice" is to wait for the entire case to be disposed of before seeking appellate review of any part of it. *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992). As a discretionary exception to this practice, Rule 54(b) provides that the court "may" enter final judgment as to fewer than all claims and parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "To be appropriate, a Rule 54(b) certification must take account of both the policy against piecemeal appeals and the equities between or among the parties." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011).

Thus, in exercising its discretion under the rule, the court must, first, evaluate the "interrelationship" of the claims on which final judgment is sought and those remaining in the case, to prevent "piecemeal" appeals. *Curtiss-Wright Corp.*, 446 U.S. at 10. The Second Circuit has "repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated." *Novick*, 642 F.3d at 311. Next, the court must determine whether the equities favor entering final judgment before the conclusion of the entire case. *Id.* at 314; *see also Curtiss-Wright Corp.*, 446 U.S. at 10. These considerations counsel against granting the Motion.

I.  **GRANTING WALKER'S MOTION WOULD REQUIRE THE SECOND CIRCUIT TO REVIEW "VIRTUALLY IDENTICAL" CLAIMS TWICE.**

The Motion should be denied because Walker's claims are the "same or closely related" to the claims of Bauer-Ramazani and Duffy, as Walker's attorneys admitted in Bauer-Ramazani's and Duffy's motions to intervene. *Novick*, 642 F.3d at 311. In *Novick*, the Second Circuit found that the district court had abused its discretion in entering Rule 54(b) judgment on claims pertaining to one contract because that court had not adequately considered the relatedness of the remaining claims, which pertained to another, parallel contract between the parties. Here, the claims of the parties are even more closely related than those in *Novick*, because they all arise out of the same retirement plan, prospectus, and account-transfer agreement between St. Michael's College and TIAA-CREF.

In an effort to make his claims appear sufficiently different from Bauer-Ramazani's to justify entry of final judgment on his claims now, Walker cites the Court's order granting leave for Bauer-Ramazani to file a Third Amended Complaint. (Motion at 1-2.) There, the Court stated that based in factual differences on when TIAA-CREF received and made payment on their respective account transfer paperwork, Walker and Bauer-Ramazani are not "similarly situated." (ECF No. 146 at 5.) At most, the Court's statement suggests that Bauer-Ramazani's situation was sufficiently different not to require the immediate dismissal of her claims at that point. But this does not remotely suggest that the claims are so independent that appellate review of Walker's claims would have no impact on Bauer-Ramazani's. The same is true of Carolyn Duffy's claims. Indeed, all three plaintiffs assert that ERISA somehow entitles them to investment gains revealed by hindsight even where, as here, all their claims are governed by the same prospectus and all plaintiffs admit they were paid the May 1, 2007 effective-date value of their accounts. And, as noted, Walker's attorneys previously described any factual differences

- 3 -

between his claims and theirs as "slight."  Allowing the Second Circuit to review the judgment on Walker's claims now is not sensible, because that court will have to review similar claims later.

## II.	IT IS NOT UNFAIR TO MAKE WALKER WAIT UNTIL THE WHOLE CASE IS OVER ENDS BEFORE HE MAY SEEK SECOND CIRCUIT REVIEW.

Nor has Walker even attempted to argue that the equities favor allowing him to appeal his claims now, rather than waiting until the end of the case.  Though he has not said why he wants appellate review now, the reason is obvious:  He wants the Second Circuit to reverse this Court's dismissal of his claims so that he can then relitigate those claims here and thereby bolster those of his fellow plaintiffs.  But Rule 54(b) is not intended for that purpose.  The rule instead is intended to allow review of truly separable claims where delaying that review would be unfair. *Cf. Curtiss-Wright*, 446 U.S. at 11-12 (equities favored entry of final judgment where the party that had obtained a money judgment would be able to collect only prejudgment interest on that amount— rather than the higher, prevailing market rates—if required to wait until the entire case was over).  There is no such unfairness here.

## CONCLUSION

Walker's Motion should be denied because his claims are closely related to those of the remaining plaintiffs, and there is no unfairness in making him wait until the case is over for the Second Circuit to review his claims.

Dated: October 8, 2012	O'MELVENY & MYERS LLP

By: /s/ Christopher D. Catalano
Robert N. Eccles (*pro hac vice*)
Christopher D. Catalano (*pro hac vice*)
1625 Eye Street, N.W.
Washington, D.C. 20006
Phone: (202) 383-5300
Fax:    (202) 383-5414

E-mail:  beccles@omm.com
ccatalano@omm.com

By: /s/ Elizabeth R. Wohl
Elizabeth R. Wohl
Downs Rachlin Martin PLLC
28 Vernon Street, P.O. Box 9
Brattleboro, VT 05302-0009
Phone: (802) 258-3070
Fax:    (802) 258-4875
E-mail:ewohl@drm.com

Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2012, I electronically filed Defendants' Opposition to Walker's Motion for Entry of Final Judgment Under Rule 54(b) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Christopher D. Catalano
Christopher D. Catalano

- 6 -