U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2012 OCT 12 AM 11: 41

CLERK

BY _____
       DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

CHRISTINE BAUER-RAMAZANI and )
CAROLYN B. DUFFY, on behalf of )
themselves and all others similarly situated, )
         Plaintiffs )
          )
v. )   Docket No. 1:09-CV-190
          )
TEACHERS INSURANCE AND ANNUITY )
ASSOCIATION OF AMERICA – COLLEGE )
RETIREMENT AND EQUITIES FUND )
(TIAA-CREF), COLLEGE RETIREMENT )
AND EQUITIES FUND (CREF), TEACHERS' )
INSURANCE AND ANNUITY ASSOCIATION )
OF AMERICA (TIAA), TIAA-CREF )
INVESTMENT MANAGEMENT, LLC (TCIM), )
TEACHERS ADVISORS, INC. (TAI), and )
TIAA-CREF INDIVIDUAL & INSTITUTIONAL )
SERVICES, LLC, )
         Defendants )

## CONSOLIDATED FOURTH AMENDED COMPLAINT

### Nature of Action

1.     This is a class action for equitable relief and damages based on Defendants' wrongful use of customer funds after they asked that such funds be returned or transferred. Defendants compounded their wrongful conduct by compensating some customers but not others for such use and by doing so on different bases. Defendants' actions violate their fiduciary duties and constitute prohibited transactions under the Employee Retirement Income Security Act of 1974 (ERISA). On behalf of themselves and all others similarly situated, Plaintiffs

gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

Christine Bauer-Ramazani and Carolyn B. Duffy seek equitable and legal relief under sections 502(a)(2) and 502(a)(3) of ERISA, together with statutory attorney's fees.

## Jurisdiction and Venue

2.  Federal jurisdiction over Plaintiffs' ERISA claims is available under 28 U.S.C. § 1331, because the claims arise under the laws of the United States.

3.  Venue is proper in the District of Vermont under 28 U.S.C. § 1391(a)(1), since one or more Defendants are corporations subject to personal jurisdiction in this state and therefore residents for purposes of venue. Venue is also proper under 28 U.S.C. § 1391(a)(2), since a substantial part of the events giving rise Plaintiffs' claims occurred here.

## Parties

4.  Plaintiff Christine Bauer-Ramazani is an instructor at St. Michael's College in the Applied Linguistics Department. She is a resident of Williston, Vermont. Ms. Bauer-Ramazani was the account owner of a TIAA-CREF retirement account at St. Michael's College from 1986 to 2007. Amounts in Ms. Bauer-Ramazani's accounts were plan assets of the St. Michael's College Retirement Plan, a defined contribution plan under ERISA.

5.  Plaintiff Carolyn B. Duffy is a Professor of English in the Applied Linguistics Department at St. Michael's College. She is a resident of Hinesburg, Vermont. Professor Duffy was the account owner of a TIAA-CREF retirement account prior to May 2007. Amounts in Prof. Duffy's account were plan assets of the St. Michael's College Retirement Plan, a defined contribution plan under ERISA.


gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 2 -

6. Defendant TIAA-CREF is a group of closely-related and affiliated companies and subsidiaries, including each of the Defendants in this action. TIAA-CREF's main offices and "nerve center" are located in New York, New York. According to its website, TIAA-CREF has more than $400 billion under management and holds more than 3.2 million individual accounts. As used in this Complaint, the terms "TIAA-CREF," "Defendant," and "Defendant TIAA-CREF" refer to each of the companies which comprise the TIAA-CREF group, including the companies specifically named as Defendants.

7. The entities which comprise TIAA-CREF share corporate governance. In many cases, they provide services to one another at cost and share employees. Moreover, TIAA-CREF markets itself to the investing public as a single entity. For all of these reasons, TIAA-CREF should be considered a single entity to the extent necessary to achieve the ends of justice.

8. Defendant College Retirement and Equities Fund ("CREF") is a New York non-profit membership corporation. Defendant CREF offers at least eight fund choices to investors, including a stock fund, global equities fund, growth fund, equity index fund, social choice fund, bond market fund, inflation-linked bond fund, and money market fund. Plaintiffs had retirement funds invested in CREF accounts.

9. Defendant Teachers' Insurance and Annuity Association of America ("TIAA") is a stock life insurance company domiciled in New York. Defendant TIAA offers a real estate fund to investors. Plaintiffs had a portion of their retirement funds invested in TIAA's real estate fund.

10. Defendant TIAA-CREF Investment Management, LLC ("TCIM"), a Delaware limited liability company, and Defendant Teachers Advisors, Inc. ("TAI"), a Delaware business corporation, provide investment advice and management services to CREF funds.



gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 3 -

11. Defendant TIAA-CREF Individual & Institutional Services, LLC, a Delaware limited liability company and a wholly-owned subsidiary of TIAA, holds the "gain" and "loss" accounts to which investment earnings or losses on customer funds used by TIAA-CREF after a redemption or transfer request is received are credited or charged.

### Facts

12. The St. Michael's College ("College") retirement plan ("Plan") is a defined contribution plan consisting of a Salary Deferral Arrangement under Section 403(b) of the Internal Revenue Code and a Money Purchase Plan under Section 401(a) of the Internal Revenue Code (since converted to a profit-sharing plan under Section 401(k) of the Internal Revenue Code).

13. Beginning in 1993, the College moved retirement assets of Plan participants which had been invested with various mutual funds, insurance companies, and banks to TIAA-CREF.

14. In 2006, the College, as administrator of the Plan, concluded that the funds offered by TIAA-CREF were not performing satisfactorily. It directed Defendant TIAA-CREF to transfer retirement accounts belonging to Plan participants to Milliman USA, another mutual fund "platform" (i.e., a company offering investments in various mutual funds).

15. TIAA-CREF refused to do so, claiming that the College had no authority to direct it to transfer such accounts. According to Defendant, all TIAA-CREF accounts held by participants in the Plan were based on individual contracts between TIAA-CREF and the participants themselves.


gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

16. Based on Defendant's position, the Plan was forced to obtain individual signatures to the multiple forms required by TIAA-CREF in order to transfer or withdraw accounts.

17. Eventually, the Plan gathered and submitted to TIAA-CREF the required signatures to transfer the retirement accounts of approximately 755 College employees, with assets of more than $36 million, from TIAA-CREF to Milliman USA.

18. Plaintiff Duffy's written transfer requests, and those of almost all other St. Michael's College employees, were received by TIAA-CREF on April 27, 2007. Plaintiff Bauer-Ramazani's written transfer request was apparently not received by TIAA-CREF until May 17, 2007, however.

19. TIAA-CREF informed the College that the accounts, including Plaintiffs' accounts, would be valued on May 1, 2007. TIAA-CREF did not cut or send out any checks for St. Michael's College plan participants on May 1, 2007, however. Rather, it treated May 1, 2007, as the "good order date," or "effective date," for all St. Michael's College accounts. The prospectus states that transfers "are effective at the end of the business day we receive your request and all required documentation." It also allows a client to "choose to have [a] transfer[] . . . take effect at the end of any future business day."

20. The May 1 date was neither the business day TIAA-CREF received Prof. Bauer-Ramazani's request and all required documentation, nor a "future business day" (much less a "future business day" chosen by Prof. Bauer-Ramanzani). The May 1 date was also not the business day TIAA-CREF received Prof. Duffy's request and all required documentation, nor did she agree to have the transfer take effect on May 1. Upon information and belief, TIAA-CREF received Prof. Duffy's request and all required documentation on April 27, 2007.


gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

21.     TIAA-CREF cut and sent out the checks to Milliman USA over the course of the four weeks following May 1.  TIAA-CREF did not cut a check for Prof. Bauer-Ramazani's account until May 21, 2007.  However, the check which TIAA-CREF cut for Prof. Bauer-Ramazani represented the value of her account as of May 1, 2007.

22.     During the period between May 1 and May 21, 2007, the funds in Prof. Bauer-Ramazani's account remained invested and its value also increased by thousands of dollars.  The TIAA-CREF check cut on May 21, 2007, represented only the value of her account as of May 1, 2007.

23.     TIAA-CREF did not cut a check for Prof. Duffy's account until May 9, 2007.  However, the check which TIAA-CREF cut for Prof. Duffy represented the value of her account as of May 1, 2007.

24.     Between May 1 and May 9, 2007, the funds in Prof. Duffy's account remained invested and the value of her account increased by more than one thousand dollars.  The TIAA-CREF check cut on May 9, 2007, represented only the value of Prof. Duffy's account as of May 1, 2007, however.

25.     Neither the St. Michael's College Plan, on behalf of Plaintiffs, nor Plaintiffs themselves, ever agreed to allow TIAA-CREF to invest their retirement funds for purposes other than their own benefit, nor did TIAA-CREF ever disclose that it had any policy, practice, or intention of doing so.  The discrepancy in Prof. Bauer-Ramazani's account was determined by comparing the value of the funds held by her on May 21, 2007 with their value on May 1, 2007.  The discrepancy in Prof. Duffy's account was determined by comparing the value of the funds held by her on May 9, 2007 with their value on May 1, 2007.



gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

26.     Plaintiff Bauer-Ramazani's rights with respect to her retirement funds are governed by the St. Michael's College Plan Documents, ERISA and common law.  The St. Michael's College Plan Documents neither state nor suggest that TIAA-CREF may use or retain investment earnings on funds from a retirement account after the good order date, or that it may invest or keep such funds invested for any purpose other than the account holder's benefit.  On information and belief, there is no ERISA plan holding TIAA-CREF investments whose plan documents so provide.  Even if there were such a plan, moreover, such use is prohibited by ERISA and common law.

27.     At least from 2004 to 2008, TIAA-CREF had a widespread practice of investing or keeping invested funds in customer accounts for periods up to four weeks or more after the good order date.  Investment earnings on such funds were not paid to the account holder but were used by TIAA-CREF for its own purposes, including to satisfy its legal obligations to other customers.  Amounts not used to satisfy such obligations were used to pay TIAA-CREF's administrative expenses, including salaries and investment advisory fees unrelated to the redeeming customer's account.

28.     Recognizing that its use of customer funds raised serious legal concerns, TIAA-CREF instituted a compensation program known as "Delayed Payment Interest" or "DPI" in 2005 or earlier.  TIAA-CREF did not disclose its DPI program to customers, either in its prospectus or in connection with the payment itself.  Those customers who asked about such payments were given scripted answers which were false or misleading.

29.     The DPI program was not administered in a uniform manner.  Although most or all TIAA-CREF customers (including Plaintiff Bauer-Ramazani) who suffered delays of more than seven days received some interest payment, certain customers (including the plaintiff in the


gravel & shea
ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 7 -

related case of *Rink v. CREF,* No. 07-CI-10761 (Ky. Cir. Filed Oct. 29, 2007)) were instead offered their "lost investment experience," on an *ad hoc* basis. In addition, some customers who suffered delays of seven days or less were paid DPI, while others (including Plaintiff Walker) were denied compensation.

## Class Action Allegations

30. Plaintiffs bring this action on behalf of themselves and as a class action under F.R.Civ.P. 23(a) and 23(b)(1) and (b)(3) on behalf of all members of the following Class:

> All persons, including all "persons" as defined by 29 U.S.C. § 1002(9), requesting a transfer or distribution of mutual fund or money market accounts covered by ERISA whose accounts TIAA-CREF invested, kept invested, benefitted from, or otherwise used for purposes other than the benefit of the account holder, for a period other than that permitted by the fund prospectus.

31. Under section 413(2) of ERISA, 29 U.S.C. § 1113(2), the Class Period begins on the date TIAA-CREF initiated the practices complained of in this action, since TIAA-CREF concealed such practices from class members. In the event no fraud or concealment is found, the Class Period begins on August 17, 2003, six years before the action was filed.

32. Plaintiffs do not know the exact number of Class Members because such information is in the exclusive control of the Defendants. Based on the information provided by Defendants to date, Plaintiffs believe there are more than 20,000 members of the Class as a whole. The exact number of class members and their identities is known or may be ascertained by Defendants.

33. The Class is so numerous that joinder of all Members is impracticable.

34. There are questions of law and fact common to the Class, including:


gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 8 -

a) Whether TIAA-CREF has or had a practice of retaining and investing customer funds for purposes other than the customer's benefit, after receiving a request for withdrawal or transfer;

b) When TIAA-CREF's practice began and what its exact nature was;

c) Whether TIAA-CREF's actions violated the fiduciary duty and prohibited transaction provisions of ERISA;

d) Whether TIAA-CREF concealed its practices from Plaintiffs and other Class Members, thereby extending the statute of limitations under ERISA;

e) Whether TIAA-CREF is liable to Plaintiffs and other Class Members for compensatory damages and, if so, in what amount;

f) Whether TIAA-CREF is liable to Plaintiffs and other Class Members for disgorgement or other equitable remedies and, if so, in what amount;

g) Whether TIAA-CREF is liable to the St. Michael's College Plan in which Plaintiffs are participants, and to other ERISA plans in which Class Members are participants or beneficiaries and, if so, in what amount; and

h) Whether TIAA-CREF is liable to Plaintiffs and other Class Members for reasonable attorney's fees.

35. Plaintiffs are members of the Class. Their claims are typical of the claims of the Class, and they will fairly and adequately protect their interests. Plaintiffs closed their TIAA-CREF accounts, and the value of their accounts on the date of transfer was greater than the amount TIAA-CREF transferred on their behalf. Although Plaintiff Bauer-Ramazani did receive a small amount of compensation for TIAA-CREF's delay, she did not receive her lost investment experience as some other TIAA-CREF account holders did. Plaintiff Duffy's


gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 9 -

account statements reflect no payment of compensation for the delay she experienced. Plaintiffs' interests are coincident with, and not antagonistic to, those of the other members of the Class and Subclasses.

36.     Plaintiffs are represented by counsel who is competent and experienced in handling ERISA, common law, consumer fraud, and class action litigation.

37.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendants.

38.     The prosecution of separate actions by individual members of the Class would create a risk that adjudications with respect to individual members would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests.

39.     The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

40.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. The Class is readily definable and is one for which records should exist. Prosecution of class member claims as a class action will eliminate the possibility of repetitious litigation. Treatment of the controversy as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. This class action presents no difficulties in management that would preclude maintenance as a class action.

gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 10 -

## COUNT I

### ERISA Breach of Fiduciary Duty of Loyalty

41. By investing or keeping invested funds in Plaintiffs' retirement accounts for purposes other than their benefit, TIAA-CREF exercised authority or control respecting the management or disposition of such accounts and must be deemed a fiduciary under section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

42. An ERISA fiduciary is obligated to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries" under section 404(a) of ERISA, 29 U.S.C. § 1104(a).

43. By investing or keeping invested retirement funds belonging to Plaintiffs and others similarly situated for purposes other than their benefit for a period other than that permitted by the prospectus, TIAA-CREF was not acting solely in the interest of Plaintiffs or for the exclusive purpose of providing benefits to them or their plans, as ERISA requires.

44. TIAA-CREF is liable to the ERISA Plans in which Plaintiffs and other members of the Class were participants or beneficiaries for the value of the use of the plan assets in their retirement accounts, and for the disgorgement of any investment profits made through the use of such funds, under sections 409, 502(a)(2) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1109(a); 1132(a)(2); 1132(a)(3).

45. TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.


gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

## COUNT II

### ERISA Breach of Fiduciary Duty of Impartiality

46. By investing or keeping invested funds in Plaintiffs' retirement accounts for purposes other than their benefit, TIAA-CREF exercised authority or control respecting the management or disposition of such accounts and must be deemed a fiduciary under section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

47. Under section 404(a) of ERISA, 29 U.S.C. § 1104(a), a fiduciary is required to act impartially with respect to plan participants and their beneficiaries.

48. By compensating certain customers but not others whose transfers or distributions were delayed for their lost investment experience, TIAA-CREF violated its fiduciary duty of impartial treatment under section 404 of ERISA.

49. TIAA-CREF is liable to the ERISA plans in which Plaintiffs and other members of the Class were participants or beneficiaries for the difference between the amount which TIAA-CREF paid and the lost investment experience such participants and beneficiaries actually suffered.

50. TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.

## COUNT III

### ERISA Prohibited Transactions

51. TIAA-CREF, and each of the Defendant entities of which it is comprised, are "parties in interest" under section 3(14)(a) of ERISA, 29 U.S.C. § 1002(14)(A).


gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 12 -

52. Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D), prohibits the "use by or for the benefit of a party in interest of any assets of the plan." Such use is barred categorically and is a *per se* violation of ERISA.

53. All amounts in the retirement accounts of Plaintiffs and other members of the Class were "assets of the plan" within the meaning of section 401(a)(1)(D). TIAA-CREF's investment of such assets for more than seven days following the Effective Date for any purpose other than the benefit of the account holder violates section 406 of ERISA, 29 U.S.C. § 1106.

54. TIAA-CREF is liable to Plaintiffs and other members of the Class under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), for disgorgement of all amounts which it earned on their accounts following a request for redemption or transfer, as well as other appropriate equitable relief.

55. TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.

### Relief

On behalf of herself and all others similarly situated, Plaintiffs request the following relief:

    (a) Compensatory damages and appropriate equitable relief, including disgorgement, for TIAA-CREF's breach of its fiduciary duties under sections 502(a)(2) and 502(a)(3) of ERISA and common law;

    (b) Equitable relief, including disgorgement of investment profits, under section 502(a)(3) of ERISA, for engaging in prohibited transactions involving plan assets under section 406(a) of ERISA;


gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 13 -

     (c)     Reasonable attorney's fees and the costs of this action, as authorized by ERISA.

## JURY DEMAND

**Plaintiffs demand a trial by jury on all issues so triable.**

Dated:     Burlington, Vermont
October 8, 2012

                                /s/ Norman Williams
                                Norman Williams, Esq.
                                Robert B. Hemley, Esq.
                                Gravel & Shea PC
                                P. O. Box 369
                                Burlington, VT  05402-0369
                                (802) 658-0220
                                nwilliams@gravelshea.com
                                rhemley@gravelshea.com

                                and

                                Kozyak Tropin & Throckmorton, P.A.
                                2525 Ponce de Leon, 9th Floor
                                Miami, FL  33134
                                tr@kttlaw.com
                                For Plaintiffs

&lt;723352v2/NCW&gt;

gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION