**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | | |
|---|---|---|
| CHRISTINE BAUER-RAMAZANI and<br>CAROLYN B. DUFFY, on behalf of<br>themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEACHERS INSURANCE AND ANNUITY<br>ASSOCIATION OF AMERICA - COLLEGE<br>RETIREMENT AND EQUITIES FUND<br>(TIAA-CREF), COLLEGE RETIREMENT<br>AND EQUITIES FUND (CREF), TEACHERS<br>INSURANCE AND ANNUITY<br>ASSOCIATION OF AMERICA (TIAA),<br>TIAA-CREF INVESTMENT<br>MANAGEMENT, LLC (TCIM), TEACHERS<br>ADVISORS, INC. (TAI), AND TIAA-CREF<br>INDIVIDUAL AND INSTITUTIONAL<br>SERVICES, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No. 1:09-cv-190 |

## DEFENDANTS' ANSWER TO CONSOLIDATED FOURTH AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

### PRELIMINARY STATEMENT

Defendants submit their answer and affirmative defenses to the Consolidated Fourth

Amended Complaint (ECF No. 205) ("Complaint").

The Complaint refers to "Teachers Insurance and Annuity Association of America -

College Retirement and Equities Fund (TIAA-CREF)," but TIAA-CREF is not a distinct legal

entity. Rather, TIAA-CREF is a trade name under which various TIAA- and CREF-affiliated

entities do business. To the extent that any allegations in the Complaint are directed to "TIAA-

CREF," Defendants deny that "TIAA-CREF" is an entity against which suit may properly be

brought, and deny all such allegations.

Unless specifically admitted, Defendants deny each and every averment in the Complaint. To the extent that Plaintiff has included headings or impertinent material that is inappropriate under Rules 8 or 12(f) of the Federal Rules of Civil Procedure, no response is necessary and such material should be struck.  To the extent any headings or impertinent material are deemed to require a response, Defendants deny them.  Any headings from the Complaint that are reproduced here are reproduced for convenience of reading only.

### ANSWER

Nature of Action

1.      The allegations in paragraph 1 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 1.

Jurisdiction and Venue

2.      Defendants admit that the Court has subject-matter jurisdiction over this action. Defendants deny the remaining allegations in paragraph 2.

3.      Defendants admit that venue is proper in this District.  Defendants deny the remaining allegations in paragraph 3.

Parties

4.       Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of paragraph 4, and on that basis deny them.  Defendants admit that Bauer-Ramazani was a TIAA and CREF accountholder through the St. Michael's College Retirement Plan.  The allegations in the fourth sentence of paragraph 4 contain legal conclusions and characterizations to which no response is required.  To the extent a

response is required, Defendants deny the allegations in the fourth sentence of paragraph 4. Defendants deny the remaining allegations in paragraph 4.

5.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of paragraph 5, and on that basis deny them.  Defendants admit that Duffy was a TIAA and CREF accountholder through the St. Michael's College Retirement Plan.  The allegations in the fourth sentence of paragraph 5 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in the fourth sentence of paragraph 5. Defendants deny the remaining allegations in paragraph 5.

6.      The allegations in the first two sentences of paragraph 6 set forth legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in the first two sentences of paragraph 6.  In response to the allegations in the third sentence of paragraph 6, Defendants refer to the http://www.tiaa-cref.org website for its contents.  The allegations in the fourth sentence of paragraph 6 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in the fourth sentence of paragraph 6.  Defendants deny the remaining allegations in paragraph 6.

7.      The allegations in paragraph 7 set forth legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in paragraph 7.

8.      Defendants admit that CREF is a nonprofit membership corporation established in New York State.  Defendants admit that CREF offers eight variable annuity Accounts, as described in its prospectuses.  Defendants admit that Bauer-Ramazani and Duffy each owned units in CREF accounts.  Defendants deny the remaining allegations in paragraph 8.

9.      Defendants admit that Defendant Teachers Insurance and Annuity Association of America is a stock life insurance company domiciled in New York that offers the TIAA Real Estate Account.  Defendants admit that Bauer-Ramazani and Duffy invested in the TIAA Real Estate Account.  Defendants deny the remaining allegations in paragraph 9.

10.     Defendants admit that Defendant TIAA-CREF Investment Management, LLC is a Delaware limited liability company that serves as investment advisor to certain CREF variable annuity Accounts.  Defendants admit that Defendant Teachers Advisors, Inc. is a Delaware corporation that advises investment companies other than CREF.  Defendants deny the remaining allegations in paragraph 10.

11.     Defendants admit that Defendant TIAA-CREF Individual & Institutional Services, LLC is a Delaware limited liability company that holds gain and loss accounts reflecting the difference between the market value of a CREF annuity between the effective date of a customer's transfer or withdrawal request and the date that units in the annuity are sold to fund the payment.  Defendants deny the remaining allegations in paragraph 11, and specifically deny that they or "TIAA-CREF" "use" customer funds or any gains or losses on those funds "after a redemption or transfer request is received."

<u>Facts</u>

12.     Defendants admit that the Retirement Plan for Employees of St. Michael's College ("St. Michael's Plan") is a retirement plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12, and on that basis deny them.

13.     Defendants admit that St. Michael's Plan participants began holding their plan investments in TIAA or CREF products no later than 1995.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13, and on that basis deny them.

14.     Defendants admit that St. Michael's College purported to instruct TIAA to transfer the accounts of St. Michael's Plan participants to Milliman, Inc.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14, and on that basis deny them.

15.     Defendants admit that TIAA informed St. Michael's College that all TIAA or CREF accounts held by participants in the St. Michael's Plan were based on individual certificates and, as such, required individual authorizations to withdraw from or transfer the accounts.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15, and on that basis deny them.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and on that basis deny them.

17.     Defendants admit that they received paperwork reflecting the authorizations by individual participants of the St. Michael's Plan for the transfer of their TIAA or CREF accounts. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17, and on that basis deny them.

18.     Defendants admit that on April 27, 2007, TIAA received from St. Michael's College the TIAA-CREF account transfer forms for some St. Michael's Plan participants, including Duffy.  Defendants admit that they received Bauer-Ramazani's transfer forms from St. Michael's College on May 17, 2007.  Defendants lack knowledge or information sufficient to

form a belief about the truth of the remaining allegations in paragraph 18, and on that basis deny them.

19.     Defendants deny that TIAA merely "informed" St. Michael's College that the effective date of the transfers to Milliman, Inc. of the TIAA and CREF accounts in the St. Michael's College Plan, including Bauer-Ramazani's and Duffy's accounts, was May 1, 2007. Rather, as plaintiffs have repeatedly admitted, the parties agreed that May 1, 2007 would be the effective date of the transfers.  TIAA used the May 1, 2007 date to value the St. Michael's College Plan accounts being transferred, as the parties had agreed.  As to the fourth and fifth sentences in paragraph 19, TIAA refers to the CREF prospectus for its contents.  Defendants deny the remaining allegations in paragraph 19.

20.     Defendants admit that on April 27, 2007, TIAA received from St. Michael's College the TIAA-CREF account transfer forms for some St. Michael's Plan participants, including Duffy.  Defendants deny the remaining allegations in paragraph 20.

21.     Defendants admit that on May 21, 2007, a check reflecting the value of Bauer-Ramazani's CREF accounts as of May 1, 2007, the agreed-upon effective date of the transfer, was sent by overnight mail to Milliman, Inc.  Defendants deny the remaining allegations in paragraph 21.

22.     Defendants admit that on May 21, 2007, a check reflecting the value of Bauer-Ramazani's CREF accounts as of May 1, 2007, the agreed-upon effective date of the transfer, was sent by overnight mail to Milliman, Inc.  Defendants deny the remaining allegations in paragraph 22.

23.     Defendants admit that they made payment on Duffy's accounts on May 9, 2007. Defendants admit that the payment on Duffy's accounts reflected their May 1, 2007 values, as agreed.  Defendants deny the remaining allegations in paragraph 23.

24.     Defendants admit that they made payment on Duffy's accounts on May 9, 2007. Defendants admit that the payment on Duffy's accounts reflected their May 1, 2007 values, as agreed.  Defendants deny the remaining allegations in paragraph 24.

25.     The allegations in the first sentence of paragraph 25 set forth legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in the first sentence of paragraph 25.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of paragraph 25, and on that basis deny them.

26.     The allegations in paragraph 26 set forth legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in paragraph 26.

27.     Defendants deny the allegations in paragraph 27.

28.     Defendants deny the allegations in paragraph 28.

29.     Defendants deny the allegations in paragraph 29.

<u>Class Action Allegations</u>

30.     Defendants admit that Plaintiffs purport to bring this action as a class action on behalf of the proposed class identified in paragraph 30.  Defendants deny that this action can be maintained as a class action.

31.     Defendants deny the allegations in the first sentence of paragraph 31.  The second sentence of paragraph 31 contains legal conclusions and characterizations to which no response

is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of paragraph 31.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and on that basis deny them.

33.     Defendants deny the allegations in Paragraph 33.  Defendants deny that this action can be maintained as a class action.

34.     Defendants deny the allegations in Paragraph 34, including its subparts. Defendants deny that this action can be maintained as a class action.

35.     The allegations in the first, second, and six sentences of paragraph 35 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny those allegations.  In response to the allegations in the third sentence of paragraph 35, Defendants admit that plaintiffs were paid the value of their transferred accounts as of May 1, 2007, which was the agreed-upon effective date of her transfer requests, and otherwise deny the allegations in that sentence.  In response to the allegations in the fourth sentence of paragraph 35, Defendants admit that Bauer-Ramazani was paid delayed payment interest, and otherwise deny the allegations in that sentence.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of paragraph 35, and on that basis deny them.  Defendants deny that this action can be maintained as a class action.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and on that basis deny them.  Defendants deny that this action can be maintained as a class action.

37.     Defendants deny the allegations in Paragraph 37.  Defendants deny that this action can be maintained as a class action.

38.     Defendants deny the allegations in Paragraph 38.  Defendants deny that this action can be maintained as a class action.

39.     Defendants deny the allegations in Paragraph 39.  Defendants deny that this action can be maintained as a class action.

40.     Defendants deny the allegations in Paragraph 40.  Defendants deny that this action can be maintained as a class action.

## COUNT I

### ERISA Breach of Fiduciary Duty of Loyalty

41.     Defendants deny the allegations in paragraph 41.

42.     The allegations in paragraph 42 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 42.

43.     Defendants deny the allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

## COUNT II

### ERISA Breach of Fiduciary Duty of Impartiality

46.     Defendants deny the allegations in paragraph 46.

47.     The allegations in paragraph 47 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50.

COUNT III

ERISA Prohibited Transactions

51.     Defendants deny the allegations in paragraph 51.

52.     The allegations in paragraph 52 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

To the extent a response is required to the allegations on pages 13-14 of the Complaint following the word "Relief" on page 13 and before the phrase "Jury Demand" on page 14, Defendants deny that Plaintiffs are entitled to the relief requested in those allegations, or to any relief whatsoever.

In response to Plaintiffs' "Jury Demand," Defendants deny that Plaintiffs are entitled to a jury trial.

**AFFIRMATIVE DEFENSES**

1.      Plaintiffs have failed to state a claim upon which relief may be granted.

2.      Insofar as the Complaint purports to allege claims of breach of fiduciary duty as a result of misrepresentations, the averments of the circumstances constituting the alleged fraud

have not been alleged with the requisite particularity required by Federal Rule of Civil Procedure 9(b).

      3.     Plaintiffs' claims are barred by the statutes of limitation.

      4.     Plaintiffs' claims are barred by laches, waiver, or estoppel.

      5.     Plaintiffs lack standing under ERISA to assert their claims.

      6.     Plaintiffs' claims are barred in whole or in part by ERISA § 404(c), 29 U.S.C. § 1104(c).

      7.     To the extent that Plaintiffs assert that Defendants engaged in transactions prohibited by ERISA § 406, 29 U.S.C. § 1106, those claims are barred in whole or in part pursuant to ERISA § 408, 29 U.S.C. § 1108.

Defendants reserve the right to amend and/or supplement the averments of their Answer and Affirmative Defenses to assert any and all pertinent defenses ascertained through further investigation and discovery of this action.

Defendants will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Defendants pray that the Court determine and adjudge:

      a.     that this suit cannot be maintained as a class action;

      b.     that the Complaint be dismissed on the merits;

      c.     that Plaintiffs take nothing by the Complaint;

      d.     that Defendants be awarded their costs, disbursements, attorneys' fees, and expenses incurred herein; and

      e.     that Defendants be awarded such other and further relief as the Court may deem proper.

Dated: October 25, 2012          O'MELVENY & MYERS LLP

                          By: /s/ Christopher D. Catalano

Robert N. Eccles (*pro hac vice*)
Christopher D. Catalano (*pro hac vice*)
1625 Eye Street, N.W.
Washington, D.C. 20006
Phone: (202) 383-5300
Fax:     (202) 383-5414
Email:  beccles@omm.com
            ccatalano@omm.com

By: /s/ Elizabeth R. Wohl
Elizabeth R. Wohl
Downs Rachlin Martin PLLC
28 Vernon Street, P.O. Box 9
Brattleboro, VT 05302-0009
Phone: (802) 258-3070
Fax:     (802) 258-4875
Email:  ewohl@drm.com

Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 25, 2012, I electronically filed Defendants' Answer to

Consolidated Fourth Amended Complaint and Affirmative Defenses with the Clerk of Court

using the CM/ECF system, which will send notification of such filing to all counsel of record.

<u>/s/ Christopher D. Catalano</u>
Christopher D. Catalano