UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

NORMAN WALKER,                                          :
CHRISTINE BAUER-RAMAZANI,                               :
and CAROLYN B. DUFFY, on behalf                         :
of themselves and all others similarly situated,        :
                                                        :
     Plaintiffs,                 :
                                                        :
     v.                           :          No. 1:09-cv-190-jgm
                                                        :
TEACHERS INSURANCE AND ANNUITY                          :
ASSOCIATION OF AMERICA-COLLEGE                          :
RETIREMENT AND EQUITIES FUND,                           :
COLLEGE RETIREMENT AND EQUITIES                         :
FUND, TIAA-CREF INVESTMENT                              :
MANAGEMENT, LLC, TEACHERS                               :
ADVISORS, INC., TIAA-CREF                               :
INDIVIDUAL & INSTITUTIONAL                              :
SERVICES, LLC, and TEACHERS'                            :
INSURANCE AND ANNUITY                                   :
ASSOCIATION OF AMERICA,                                 :
                                                        :
     Defendants.                 :
_____                 :

MEMORANDUM AND ORDER
(Doc. 194)

I.     Introduction

Norman Walker moves the Court for entry of final judgment under Federal Rule of Civil

Procedure 54(b).  (Doc. 194.)  Defendants Teachers Insurance and Annuity Association of

America-College Retirement and Equities Fund, College Retirement and Equities Fund, TIAA-

CREF Individual & Institutional Services, LLC, TIAA-CREF Investment Management, LLC,

Teachers Advisors, Inc., and Teachers' Insurance and Annuity Association of America

(collectively, "Defendants" or "TIAA-CREF") oppose the motion.  (Doc. 203.)

II.     Background

In August 2009, Norman Walker commenced this proposed class action against Teachers

Insurance and Annuity Association of America-College Retirement and Equities Fund alleging it

wrongfully "kep[t] customer accounts open for days or weeks after receiving instructions to close

them, and retain[ed] all investment income earned in the interim for itself." (Doc. 1 at 1.)

Mr. Walker, an Associate Professor of Business Administration at St. Michael's College

(St. Michael's), was an account owner of a TIAA-CREF retirement account from 1995-2007,

during the time the St. Michael's retirement plan placed retirement assets of plan participants

with TIAA-CREF. Id. at 2.

Mr. Walker's original complaint contained three counts:  Count one alleged ERISA

violations, Count two alleged common law violations, and Count three alleged consumer fraud.

See id. at 7-10.  In April 2010, Defendant's motion to dismiss Walker's state law claims -- counts

two and three -- was granted.  (Doc. 21.)  In early September 2011, Mr. Walker filed a

Consolidated Second Amended Complaint (Doc. 104) alleging ERISA claims against Defendants

for breach of fiduciary duty and engaging in prohibited transactions.  Id. ¶¶ 38-48.

At a September 19, 2011 status conference and hearing, the Court, inter alia, denied

Walker's motion for class certification (Doc. 55), granted summary judgment (Doc. 61) in favor

of Defendants on Walker's ERISA claims, and denied as moot Walker's Rule 56(d) motion for

denial of summary judgment (Doc. 69).  See Dkt. Entry No. 108.  Walker's claims were

dismissed because Defendants demonstrated he received what the prospectus governing his

accounts required:  payment within seven days from the business day chosen for his transfer to

take effect.  See Doc. 61-4 at 51, 62.

Since this case was originally filed, other proposed plaintiffs moved to intervene and the current named plaintiffs and class representatives are Christine Bauer-Ramazani and Carolyn Duffy, both of whom are also St. Michael's professors.  See Doc. 101, Dkt. Entry No. 202.  The Consolidated Fourth Amended Complaint in this proposed class action currently alleges Defendants engaged in prohibited transactions and wrongfully used customer funds in violation of their fiduciary duties of loyalty and impartiality by keeping the funds invested for purposes other than the customers' benefit after a transfer or redemption request and subsequently compensating some, but not all, customers for delayed payment.  (Doc. 205 ¶¶ 1, 41-55.)

III.    Discussion

In a one paragraph motion and memorandum, Mr. Walker states all claims he asserted have been decided against him, there is no just reason for delay, and his claims are separate from the remaining claims because his situation is different factually from Ms. Bauer-Ramazani. (Doc. 194.)   Mr. Walker also filed a more thorough reply arguing final judgment should be entered because there is no danger of duplicative review and there is no just reason to delay review of his claims.  (Doc. 210.)

"[T]here is a historic federal policy against piecemeal appeals.  Thus, in the federal district courts, the entry of a final judgment is generally appropriate only after all claims have been adjudicated."  Novick v. AXA Network, LLC, 642 F.3d 304, 310 (2d Cir. 2011) (internal quotations and citations omitted).  Rule 54(b), however, provides an exception to the general rule:

> When an action presents more than one claim for relief–whether as a claim, counterclaim, cross-claim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but

fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  This historic policy against piecemeal appeals "requires that the court's power to enter such a final judgment before the entire case is concluded . . . be exercised sparingly."  Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991).  "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."  Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).  The decision regarding the "appropriate time" when each final decision in a multiple claims action is ready for appeal is left to the discretion of the district court.  Id.  This discretion is to be exercised in the interest of sound judicial administration.  Id.

The Second Circuit has repeatedly noted district courts should not grant a Rule 54(b) certification "if the same or closely related issues remain to be litigated" because "[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues."  Novick, 642 F.3d at 311 (internal quotations and citations omitted).

Here, Walker's claims and the remaining plaintiffs' claims arise out of the same retirement plan, prospectus, and account-transfer agreement between St. Michael's College and TIAA-CREF.  Accordingly, if Mr. Walker were permitted to appeal the dismissal of his claims before the remaining unresolved claims of Ms. Bauer-Ramazani and Ms. Duffy, separate appellate panels would be required to familiarize themselves with the same documents and course of events.  Further, the ERISA claims Mr. Walker would appeal -- for breach of fiduciary

duty and engaging in prohibited transactions -- are claims still pending against Defendants.

Accordingly, in the interest of sound judicial administration, the Court exercises its discretion to

deny Walker's motion for entry of final judgment.

IV.     Conclusion

Walker's motion for entry of final judgment (Doc. 194) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 17th day of December, 2012.


/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge