UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

CHRISTINE BAUER-RAMAZANI
and CAROLYN B. DUFFY, on behalf
of themselves and all others similarly situated,

    Plaintiffs,

    v.

TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA-COLLEGE
RETIREMENT AND EQUITIES FUND,
COLLEGE RETIREMENT AND EQUITIES
FUND, TIAA-CREF INVESTMENT
MANAGEMENT, LLC, TEACHERS
ADVISORS, INC., TIAA-CREF
INDIVIDUAL & INSTITUTIONAL
SERVICES, LLC, and TEACHERS'
INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA,

    Defendants.

No. 1:09-CV-190

MEMORANDUM AND ORDER
(Doc. 254)

Plaintiffs Christine Bauer-Ramazani and Carolyn Duffy (collectively, "Plaintiffs") move to compel the production of documents withheld on attorney-client privilege and attorney work product grounds. (Doc. 254.) Defendants Teachers Insurance and Annuity Association of America-College Retirement and Equities Fund, College Retirement and Equities Fund, TIAA-CREF Individual & Institutional Services, LLC, TIAA-CREF Investment Management, LLC, Teachers Advisors, Inc., and Teachers' Insurance and Annuity Association of America (collectively, "Defendants" or "TIAA-CREF") oppose the motion. (Doc. 273.) Plaintiffs filed a

reply (Doc. 281), and the Court heard argument on the motion at an April 24, 2013 hearing. See Dkt. Entry No. 294.

The Court ordered Defendants to submit the disputed documents to the Court for in camera review by May 3, 2013. Defendants complied, see Doc. 301, and the Court has completed its review.

With regard to the Bauer-Ramazani v. TIAA-CREF privilege log dated December 21, 2012, see Doc. 301-1, Plaintiffs moved to compel production of all documents listed. (Doc. 254 at 3 n.1.) Defendants have withdrawn their assertion of privilege over three of the listed documents. Id. The Court orders Defendants produce those documents forthwith if they have not yet done so. The Court has reviewed the remaining eight withheld documents. The Court does not find that any of the eight are privileged, either on the basis of attorney-client communication or attorney work product grounds. Accordingly, Defendants shall promptly produce the eight withheld documents to Plaintiffs.

With regard to the Rink v. CREF privilege log[1], undated, see Doc. 301-2, Plaintiffs grouped them into three categories and describe them as a category consisting of documents that have been produced; one consisting of "legal memoranda and interview memoranda that appear to have been prepared in anticipation of litigation;" and the last consisting of 19 documents they have moved the Court to compel Defendants to produce. (Doc. 254 at 3 & n.1.) The Court notes the Defendants' declarations submitted with their opposition to the motion -- one by outside counsel and one by in-house counsel filed the same day -- regarding the withheld documents are

---

[1] The Court notes that all documents withheld on any type of privilege grounds in this case should have been listed on one privilege log for this case.

not in agreement. Compare Docs. 273-1 and 273-8. The Court has reviewed the 19 documents and finds the following documents are privileged and need not be produced:

>March 9, 2009 Email chain containing legal analysis and advice from Attorney Campisano (Bates No. PRIV-TIAA 000151-153);

>March 6, 2007 Legal Memorandum from Associate General Counsel J. Roche to General Counsel G. Madison containing legal analysis and advice (Bates No. PRIV-TIAA 000195-211);

>January 6, 2006 Legal Memorandum from Associate General Counsel G. Herzlich to General Counsel G. Madison containing legal analysis (Bates No. PRIV-TIAA 000212-214).

The Court does not find that any of the remaining 16 documents, including the redacted portions, are privileged, either on the basis of attorney-client communication or attorney work product grounds. Accordingly, the Defendants shall promptly produce those sixteen withheld documents to Plaintiffs in unredacted form.

Plaintiffs' motion to compel the production of documents withheld on attorney-client privilege and attorney work product grounds (Doc. 254) is granted in part and denied in part.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 9th day of May, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge