UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

CHRISTINE BAUER-RAMAZANI and CAROLYN B. DUFFY, on behalf of themselves and all others similarly situated,

Plaintiffs,

v. No. 1:09-CV-190

TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA-COLLEGE RETIREMENT AND EQUITIES FUND, COLLEGE RETIREMENT AND EQUITIES FUND, TIAA-CREF INVESTMENT MANAGEMENT, LLC, TEACHERS ADVISORS, INC., TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC, and TEACHERS' INSURANCE AND ANNUITY ASSOCIATION OF AMERICA,

Defendants.

MEMORANDUM AND ORDER
(Docs. 319, 320)

I. Introduction

Defendants Teachers Insurance and Annuity Association of America-College Retirement and Equities Fund, College Retirement and Equities Fund, TIAA-CREF Individual & Institutional Services, LLC, TIAA-CREF Investment Management, LLC, Teachers Advisors, Inc., and Teachers' Insurance and Annuity Association of America (collectively, "Defendants" or "TIAA-CREF") move for reconsideration of a class certification order issued May 9, 2013. (Doc. 319.) Plaintiffs Christine Bauer-Ramazani and Carolyn Duffy (collectively, "Plaintiffs")

oppose the motion (Doc. 336) and also submit for court approval a proposed class notice plan (Doc. 320). Defendants raise objections to the proposed notice plan. (Doc. 335.)

II. Motion for Reconsideration

Defendants move for reconsideration of the May 9 Class Certification Order requesting the Court amend the order to add "a readily discernible delineation of the claims, issues, and defenses that are subject to class treatment." (Doc. 352 at 1.) To achieve this result, Defendants ask the Court to include four issues that cannot be tried on a class basis: Defendants' limitations defenses; Plaintiffs' claim for breach of the duty of impartiality; claims of individuals who have released claims against Defendants; and, claims related to internal transfers among TIAA-CREF investment products. Id. at 1-2. With regard to internal transfers, however, Defendants request the class definition be revised to exclude those potential class members with only internal transfers. Id. at 9-10.

While the Court is cognizant there may be issues to be resolved prior to trial -- and has specifically noted the Class Certification Order "is subject to alteration or amendment" (Doc. 306 at 20) -- the Court refuses to delay dissemination of the notice of class certification. Accordingly, the Court will consider those issues prior to trial; Defendants' Motion for Reconsideration (Doc. 319) is denied.

III. Class Notice Plan

Plaintiffs request approval of their class notice plan. (Doc. 320.) Plaintiffs submit a short form notice, long form notice, and an exclusion form. See Docs. 320-1, 320-2, 320-3. Rule 23(c) requires potential class members must receive notice of class certification. A class certified under Rule 23(b)(3) must receive "the best notice that is practicable under the circumstances,

including individual notice to all members who can be identified through reasonable effort." Rule 23(c)(2)(B). The notice must "clearly and concisely state . . . (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Id.

Defendants respond and object to the proposed class notice plan, first requesting the court abstain from approving the plan until it has resolved the reconsideration motion, and second, if it does not, to revise the long form notice to include "individual issues language," require the long form notice be both mailed and emailed, display the amended class definition on the website, and publish the short form notice in the New York Times or Wall Street Journal instead of the Chronicle of Higher Education. (Doc. 335.)

Plaintiffs do not object to displaying the amended class definition on the website, publishing the short form notice in either newspaper or emailing the long form notice. (Doc. 338.) Plaintiffs, however, do object to the court requiring mailing of the long form notice unless Defendants pay the extra postage cost and submit publication in a trade-specific journal is a useful supplement. Id. Regarding the "individual issues language," Plaintiffs note the motion for reconsideration should be denied but, should the court be inclined to approve the notice plan prior to deciding that motion, that language could be added to the form. Id.

Given the parties' agreement, the notice plan should include emailing the long form notice without mailing unless Defendants pay the additional postage, displaying the amended

class definition on the internet website, and publishing the short form notice in either the New York Times or Wall Street Journal. The Court agrees with Plaintiffs that publication in a trade specific journal is useful and may be the "best notice that is practicable" for those potential class members whose addresses are unavailable. Accordingly, the short form notice should be published in the Chronicle of Higher Education as well.

Regarding the "individual issues language," Defendants request the following be added to the long form notice:

> Depending on the Court's ruling on the class issues, there may be issues that still will need to be litigated on an individual class member basis, including: Plaintiffs' theory that Defendants breached a duty of impartiality by not providing class members the same relief as other investors, who were paid as part of a settlement in an unrelated lawsuit; whether particular class members' claims are timely; whether class members' claims are reduced by offset; and whether class members whose only transactions involved transfers among TIAA-CREF investments are entitled to relief.

(Doc. 335 at 3.) This request is denied. As noted above, there may be issues to be resolved prior to or at trial and the Court will consider those issues in due course. The proposed class certification notice will not be delayed.

IV. Conclusion

Defendants' motion for reconsideration (Doc. 319) is DENIED. Plaintiffs' proposed class notice plan (Doc. 320) is approved and shall be executed as soon as possible.

Dated at Brattleboro, in the District of Vermont, this 2nd day of July, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge