UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2014 SEP -3 AM 10: 10

CLERK

BY_____ KAK

| | |
|---|---|
| CHRISTINE BAUER-RAMAZANI and CAROLYN B. DUFFY, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA - COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), AND TIAA-CREF INDIVIDUAL AND INSTITUTIONAL SERVICES, LLC,<br><br>               Defendants. | Docket No. 1:09-cv-190 |

## ORDER GRANTING FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

This action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). Plaintiffs claim that Defendants violated their fiduciary duties under ERISA by transferring or distributing to Class Members the value of their CREF or TIAA variable annuity investments as of the Effective Date rather than the value the investments allegedly had on the Processing Date. Defendants deny that they breached any fiduciary duties or otherwise did anything wrong, and contend, among other things, that they credited participants with the full value of their investments as calculated in

1

accordance with the applicable prospectuses and federal law. The parties have reached agreement on a settlement. The terms of the Settlement are set out in a Settlement Agreement executed by Defense and Class Counsel ("Settlement Agreement") on January 31, 2014[1] (D.E. 418-1).

The Court has considered the Settlement and conducted a hearing to determine whether the Settlement is fair, reasonable, and adequate under the circumstances. Upon reviewing and considering the pleadings and documents filed in this action, Plaintiffs' Motion for Final Approval, the declarations of Robert B. Hemley, Thomas A. Tucker Ronzetti, Charles C. Marr, and Stephanie J. Fiereck, the evidence submitted by the parties, the arguments of counsel, the objection filed with the Court, the objector's request to withdraw her objection, and the Settlement Agreement, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this action and all parties to the action, including all Class Members.

2. The Court previously certified a Class in this action and certified the same Class for settlement purposes. The Class is defined as:

> All persons, including all 'persons' as defined by 29 U.S.C. § 1002(9), who at any time during the Class Period requested a transfer or distribution of funds held in a CREF or TIAA variable annuity account covered by ERISA whose funds were not transferred or distributed within seven days of the date the account was valued and were denied the investment gains.

This class consists solely of current or former participants or their beneficiaries who, during the Class Period, requested a transfer or distribution of funds held in a CREF or TIAA variable annuity account covered by ERISA, whose funds were not transferred or distributed within seven days and who did not receive TFE gains associated with those transfers or distributions.

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

3. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all individuals within the Class, as defined in paragraph 2 above, and who have not excluded themselves by submitting a valid request for exclusion, as discussed in paragraph 5 below, are "Settlement Class Members."

4. Notice of the Settlement was mailed, by first-class mail, postage prepaid, emailed (where email addresses were reasonably available), and published on an internet website. This notice constituted the best notice practicable under the circumstances and constituted valid, due, and sufficient notice to the Class of their rights and obligations, in compliance with Federal Rule of Civil Procedure 23 and due process.

5. The list of persons excluded from the Settlement Class is attached hereto as Exhibit 1. Exhibit 1 includes those 105 persons who timely submitted valid requests for exclusion. In addition, the Court, in its discretion, approves the requests of the 10 Class Members whose requests for exclusion omitted one or more items of required information to opt-out. The Court also approves the request of the one Class Member whose request was postmarked on July 22, 2014, one day after the July 21, 2014 postmark deadline, to opt-out. These 11 Class Members' names are also included in Exhibit 1. Those Class Members identified in Exhibit 1 are hereby excluded from the Settlement, shall not receive any distribution of any portion of the Settlement Amount, and are not bound by the Settlement Agreement or this Order Granting Final Approval of Class Action Settlement and Final Judgment.

6. The Court conducted a Fairness Hearing on September 3, 2014, to consider whether the Settlement warrants final approval as fair, reasonable, and adequate.

7. The Court finds that: (a) the Settlement resulted from extensive arm's-length negotiations, including multiple mediation sessions; (b) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiffs' claims and Defendants' defenses to Plaintiffs' claims; and (c) the Settlement is fair, reasonable, and adequate.

8. The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

9. The expenses of administering the Settlement and distributing the Settlement Amount shall be paid by Defendants.

10. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members are bound by this Order Granting Final Approval of Class Action Settlement and Final Judgment, and by the terms of the Settlement Agreement.

11. The Releasors, including Plaintiffs and all Settlement Class Members, are hereby: (a) deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims against the Released Settling Parties, as set forth in paragraphs 36 through 40 of the Settlement Agreement; and (b) forever barred and permanently enjoined from asserting, instituting, or commencing, either directly or indirectly, any of the Released Claims against any of the Released Settling Parties.

12. The Court approves Plaintiffs' request for three million three hundred thousand dollars ($3,300,000) in Attorneys' Fees and Costs to be paid to Class Counsel by Defendants according to the terms of the Settlement Agreement. This amount is less than the total amount of Class Counsel's expenses and fees if their work on this matter had been billed on an hourly basis. The Court finds that this amount is reasonable under the circumstances and in light of the monetary and other benefits the Settlement provides to the Settlement Class.

13. Consistent with the provisions of the Settlement Agreement governing the timing for performance, the parties are directed to perform the Settlement Agreement according to its terms and consistent with this Order Granting Final Approval of Class Action Settlement and Final Judgment, or any other subsequent order of the Court.

14. Without affecting the finality of this Order Granting Final Approval of Class Action Settlement and Final Judgment in any way, the Court hereby retains continuing

jurisdiction over the implementation, administration, and enforcement of this Final Judgment, the Settlement Agreement, and all matters ancillary thereto.

15. All requirements of the Class Action Fairness Act, 29 U.S.C. § 1711 et seq., have been met.

16. The Court received a single objection from Class Member Kathleen Herrington. (D.E. 424.) After receiving additional information about the Settlement from Class Counsel, Ms. Herrington sought to withdraw her objection. (D.E. 425.) Her request to withdraw her objection is granted.

17. This Action and all claims that were or could have been raised therein whether asserted by Plaintiffs on their own behalf or on behalf of the Settlement Class are hereby dismissed with prejudice and without costs to any of the Settling Parties, other than as provided for in the Settlement Agreement.

18. Class Counsel, Plaintiffs, or Settlement Class Members may hereafter discover facts in addition to or different from those they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected their decision to settle with Defendants or their decision to release, relinquish, waive, and discharge the Released Claims, or might have affected the decision of a Settlement Class Member not to object to the Settlement. Notwithstanding the foregoing, each Plaintiff and Settlement Class Member has hereby fully, finally, and forever settled, released, relinquished, and discharged all Released Settling Parties of the Released Claims.

19. Each Plaintiff and Settlement Class Member hereby waives any and all rights or benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction. Section 1542 of the California Civil Code provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

20. Each Plaintiff and each Settlement Class Member shall hold harmless the Released Parties for any taxes due on funds once deposited in the Settlement Fund, or after payment of Attorneys' Fees and Costs or the Class Representative Service Awards, and any associated penalties and interest as well as related attorneys' fees and expenses.

21. This Order and Judgment is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the parties. This Order and Judgment shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach, liability or wrongdoing. This Order and Judgment shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Class that their claims lack merit or that the relief requested in the action is inappropriate, improper, or unavailable. This Order and Judgment shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated.

22. The Settlement Administrator shall have final authority to determine the share of the Settlement Amount to be allocated to each Settlement Class Member.

23. With respect to payments or distributions to Settlement Class Members, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in his, her, or its sole and exclusive discretion.

24. With respect to any matters that arise concerning distributions to Settlement Class Members (after allocation decisions have been made by the Settlement Administrator in his, her, or its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator after consultation with the parties and their counsel.

25. At a reasonable date following the issuance of all settlement payments to Settlement Class Members, the Settlement Administrator shall prepare and provide to Class

Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment.

26. Without further order of the Court, the parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

27. Upon entry of this Order, all Settlement Class Members shall be bound by the Settlement Agreement and by this Final Order.

28. The Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment forthwith.

SO ORDERED this 3rd day of September, 2014.

Honorable J. Garvan Murtha
United States District Judge

**JUDGMENT ENTERED ON DOCKET**
**DATE:** 9-3-2014